**UNITED STATES, Appellee,**

v.

**Sergeant Mark E. CORNELIUS, 481–92–5395, United States Army, Appellant.**

**ACMR 9102565.**

U.S. Army Court of Military Review.

25 May 1993.

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, in accordance with his pleas, by a military judge sitting as a general court-martial, of possession of marijuana, possession of marijuana with intent to distribute, use of marijuana, and violation of a general regulation by importing marijuana into Germany, in violation of Articles 112a and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, and 892 (1982 and Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. The military judge recommended that confinement in excess of three years be suspended. In accordance with a pretrial agreement, the convening authority approved a sentence of a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant asserts, either through counsel or personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), a number of errors concerning his motion for dismissal for lack of speedy trial: namely, the military judge ruled incorrectly in denying his request for dismissal of the charges for lack of a speedy trial; secondly, the military judge erred in not advising him that his pleas of guilty waived his right to assert his speedy trial issue on appeal; or thirdly, his trial defense counsel was ineffective for not advising him that his pleas of guilty would waive the speedy trial issue on appeal. The appellant also avers that the military judge erred in not determining his desires when the trial defense counsel argued for a punitive discharge, and that his court-martial lacked jurisdiction because of the improper appointment of the military judge. We disagree on all issues and affirm.

The facts are simply a classic case of drug trafficking in Europe by American soldiers. The appellant, accompanied by other soldiers, crossed the German border into the Netherlands and went to a bar in Amsterdam. The soldiers, including the appellant, purchased some marijuana, smoked some (use of marijuana offense), and returned across the border into Germany with the remainder (possession with intent to distribute and violation of the regulation). The soldiers were stopped and searched by German border police and the marijuana was found in the car.

The appellant was apprehended by the German police on 21 May 1991 and placed in a U.S. military police detention cell in Holland overnight and released to his unit on 22 May 1991. The appellant was restricted by his unit, under varying conditions, from 22 May 1991 to 30 August 1991. Charges were preferred on 12 August 1991 and the appellant was arraigned on 22 October 1991. The actual trial of appellant was conducted on 8 and 14 November 1991.

## I. Speedy Trial

At trial, the appellant moved that the charges be dismissed for lack of a speedy trial. The military judge, after presentation of evidence and argument by counsel, denied the motion. The appellant then pleaded guilty to the charges and specifications. Change 5, Manual for Courts-Martial, United States, 1984, which became effective on 6 July 1991, significantly changed the waiver provision for speedy trial motions. The change provided that a plea of guilty that results in a finding of guilty waives any speedy trial issues as to that offense. Rule for Courts-Martial [hereinafter R.C.M.] 707(e). The accused, however, may enter a "conditional plea" reserving his appellate rights to a speedy trial pretrial motion. R.C.M. 910(a)(2).

The affidavit of the trial defense counsel, Captain (CPT) E, in response to the assertion of ineffective assistance of counsel raised by the appellant and pursuant to *United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989), is very enlightening on the discussion and relationship between the trial defense counsel and the appellant, as well as the legal thought process of the trial defense counsel in regard to the speedy trial motion.

The appellant requested CPT E as his attorney and CPT E was assigned as the trial defense counsel for the appellant on

26 July 1991. The appellant and CPT E had a number of discussions before and after the charges were preferred on 12 August 1991, and the appellant's arraignment on 22 October 1991. The appellant understood that the evidence against him was overwhelming, particularly his detailed multi-page confession. As part of their discussions, the appellant and CPT E talked about the appellant's restriction and his right to a speedy trial.

The appellant was under some form of restriction for 101 days, from 22 May 1991 to 30 August 1991, when all restraint was lifted by the unit commander. The trial defense counsel pointed out there was never any doubt that a speedy trial motion would be made and that the appellant would plead guilty with a sentence limitation agreement with the convening authority.

The trial defense counsel's affidavit stated:

I had recently tried a contested case where I challenged Change 5 to Rule for Court–Martial 707(b)(3)(B), as reflected in the analysis to said change, based on what I perceived to be an incorrect interpretation of the *United States v. Gray* case by the drafters of the changes to the analysis. Specifically, I challenged the interpretation that was being taught by the JAG school to judges and court personnel alike—that *post-preferral release of an accused from pre-trial restriction started the speedy trial clock over on the date of preferral.*

I informed SGT Cornelius of my position on this change. I informed him that we had standing to assert that the interpretation of this case was contrary to precedent. Furthermore, we referred to the change wherein it stated that the evil to be avoided was continuous pre-trial restraint. We discussed his options and I informed him that we would be able to assert his speedy trial motion *prior* to entry of his plea, and this would serve to frame the issue and preserve it for appeal.

We did not discuss conditional pleas. In fact, it remains my opinion to date that a conditional plea was not necessary in this case. I understand the defense interpretation of Change 5 to RCM 707(e) as being case dispositive. However, I proffer that there is little support for an executive order overturning years of precedent set out by our appellate courts wherein it has been specifically decided that when an accused raises an issue prior to entry of plea [sic], that he preserves that issue for appellate review thereafter.

. . . .

... I did not discuss a conditional plea with SGT Cornelius as I felt that RCM 707(e) did not apply in cases where individuals asserted their rights *prior* to entry of plea. It is my belief based on over three years of experience in trying courts-martial and attending numerous courses offered by the JAG school and Headquarters Trial Defense Services that if an issue is raised, it cannot thereafter be waived. Finally, it is my belief that RCM 707(e) is attempting to send a message to counsel that they had better raise the issue at first instance, because it will no longer be heard de novo on appeal.

[emphasis in original].

In effect, CPT E determined that she need not discuss with her client nor negotiate a conditional plea, as the motion for speedy trial was preserved because Change 5 could not affect the old law. Unfortunately, CPT E was wrong and Change 5 did change the procedures. UCMJ art. 36, 10 U.S.C. § 836. *See United States v. Merritt*, 1 C.M.R. 56 (C.M.A.1951) (The Court of Military Appeals held, in one of its first cases, that the President was delegated by Congress the right to set procedure in military courts). The President may make changes that are significantly different from case law. He did so when he initially promulgated R.C.M. 707. *United States v. Leonard*, 21 M.J. 67, 70 (C.M.A.1985). Accordingly, CPT E provided incorrect advice to her client when she informed him that his speedy trial motion would be preserved for appellate review even though he had entered pleas of guilty. Pursuant to

R.C.M. 707(e), his pleas of guilty waived his appellate issue of speedy trial.

We first must determine if the misadvice by counsel means that her performance was ineffective. The standard for measuring claims of ineffectiveness of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard has been adopted for courts-martial. *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Under *Strickland*, the appellant must first show that his defense counsel's performance was deficient, and second, the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Scott*, 24 M.J. at 188. A reviewing court will not second guess a counsel's action unless there was no realistic or tactical basis for it. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). The inadequacy must be a serious incompetency that falls measurably below the performance ordinarily expected of fallible lawyers. *United States v. DiCupe*, 21 M.J. 440, 442 (C.M.A.1986) (citing *United States v. DeCoster*, 624 F.2d 196, 208 (D.C.Cir.1979) (*en banc*)).

The first prong to determine ineffective counsel is that counsel's performance was deficient. As noted above, CPT E provided her client incorrect legal advice. Notwithstanding CPT E's personal view, R.C.M. 707 after Change 5 did provide an accused and his counsel a means of preserving a speedy trial motion, but still having the benefits of pleas of guilty, that is, the conditional plea. Captain E neither advised her client of this provision nor attempted to negotiate such a plea. No matter what a lawyer's view of the law, the lawyer still has an obligation to fully advise a client on all aspects of the law and make the best deal for the client. We hold that CPT E's performance was deficient because she had a means of preserving the speedy trial motion but neither advised her client of that means nor attempted to avail herself of that means.

The second prong requires that the appellant was prejudiced by the ineffective performance of counsel. The appellant would only be prejudiced if his speedy trial issue that was waived by his pleas of guilty would have resulted in some relief by this Court.

The military judge determined that the appellant was released from restraint for a significant period of time and that the speedy trial clock started from the preferral of charges. R.C.M. 707(b)(3)(B). He found that there was one day of pretrial confinement from 21 to 22 May 1991; 16 days of restriction in lieu of arrest from 22 May to 7 June 1991; and 84 days of conditions on liberty from 8 June to 30 August 1991; and the time from preferral of charges to arraignment (12 August 1991 until 22 October 1991) was 71 days. He further found that the government was responsible for only the time from the preferral to the arraignment because of a release from restraint on 7 June 1991. R.C.M. 707(b)(3)(B). We hold that the military judge was correct in denying the appellant's request for dismissal for lack of speedy trial because the break in restriction on 7 June 1991 stopped the speedy trial clock so that the government was accountable only from the preferral of charges until arraignment, 12 August 1991 to 22 October 1991, a total of seventy-one days. Accordingly, we hold that the appellant was not prejudiced by the waiver of his right to assert a speedy trial motion on appeal because he would not have prevailed on appeal since the military judge ruled correctly. Therefore, his counsel was not ineffective in misadvising him on the waiver of the speedy trial issue.

The appellant also asserts that the military judge erred by not advising him that his pleas of guilty would waive the speedy trial issue on appeal. When an accused enters a plea of guilty, the military judge must explain to the accused the elements of each offense, elicit from the accused the factual basis for the offenses, and ensure that the accused fully understands the nature of the offense to which he has pled guilty. *United States v. Dav-*

*enport,* 9 M.J. 364 (C.M.A.1980); *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The military judge, in this case, conducted the proper inquiry and the appellant admitted each and every element of the offenses. We find no requirement for the military judge to go beyond this inquiry and advise the appellant that his pleas will waive certain motions, particularly when that rule is plainly stated in the Rules for Courts–Martial. Accordingly, we hold that the military judge did not err in not *sua sponte* advising the appellant that his pleas of guilty would waive the speedy trial issue on appeal.

## II. Argument of Counsel

■ The appellant also asserts that his trial defense counsel improperly argued for the imposition of a bad-conduct discharge, and that the military judge erred by not *sua sponte* determining that a punitive discharge was the desire of the appellant. The trial defense counsel argued that:

> We know in this case that that is not the only step, because two of the people who work immediately closely with him in his unit both told you that they think that he had continued potential for continued further service. Now, in light of the modern Army that we have and the Army of the drawdowns and the RIFs, that is not very likely. Sergeant Cornelius knows that. I think that you need to consider that potential in light of what he can contribute in the real world outside of the United States military, and how we are going to give him or what we are going to give him to build his future because he is still a young man and he still has a lot to offer. A BCD is bad enough itself. A federal drug conviction is probably worse. But a dishonorable discharge kicks the man when he is down and gives no possibility of showing that potential because he's got an awful lot of years ahead of him to prove it.
>
> The defense does not contend that confinement is appropriate in this case. The government has argued to you that six years is an appropriate term. The defense would submit to this court that as an appropriate sentence confinement in

the amount of two years, a bad conduct discharge, forfeitures and reduction to E1 is an appropriate sentence in light of the character of this accused, the performance that he has given his unit, and his overall potential for future service.

[errors in original].

The factual circumstance of trial defense counsel's argument are similar to that given by counsel in *United States v. Volmar,* 15 M.J. 339 (C.M.A.1983). Captain E, in her argument, was looking at reality knowing that the sentencing authority would probably discharge the appellant. In proposing a bad-conduct discharge, she was selecting the quantum of punishment that had a reasonable chance of success with the sentencing authority and that fit the needs of the appellant. *United States v. McNally,* 16 M.J. 32, 34 (C.M.A.1983). Accordingly, we find that trial defense counsel's argument was proper and hold that the military judge had no duty to inquiry into the appellant's desire for a punitive discharge.

## III. Multiplicity

■ The appellant further contends that the military judge erred in not finding that the offense of violating a lawful general regulation by importing hashish over an international border was multiplicious for findings purposes with the offense of possession of hashish with intent to distribute.

■ Two charges are multiplicious for findings if one of the charges necessarily includes all the elements of the other, or the allegations under one of the charges, as drafted, fairly embrace all the elements of the other. *United States v. Baker,* 14 M.J. 361, 368 (C.M.A.1983). In applying this test, there is no need to go beyond the language of the specifications being scrutinized. *United States v. Holt,* 16 M.J. 393, 394 (C.M.A.1983). Having examined the charges and specifications in question, we find that none of the elements of the possession charge fairly embraces the elements of the violation of the general regulation charges. Accordingly, we hold that the military judge ruled correctly in deter-

mining the charges were not multiplicious for the purpose of findings.

## IV.   Other Issues

The appellant avers that his court-martial lacked jurisdiction because the military judge was designated in violation of the Appointments Clause of the United States Constitution and *Freytag v. Commissioner of Internal Revenue*, — U.S. —, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). This issue lacks merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992).

We have carefully considered the other issues raised by appellant, either through counsel or personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992), and find them without merit.

The findings of guilty and the sentence are affirmed.

Judge GONZALES and Judge DELL'ORTO concur.