## UNITED STATES

v.

**Erwin J. PRUITT, 422–88–7721, Mess Management Specialist Third Class (E–4), U.S. Navy.**

**NMCM 93 02254.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 11 Aug. 1993.

Decided 20 Dec. 1994.

Col Eugene A. Ritti, USMC, Appellate Defense Counsel.

LT D. Caron, JAGC, USNR, Appellate Defense Counsel.

LT Gerard Wm. Wittstadt, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Steven J. Coaty, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., WELCH, Senior Judge, and McLAUGHLIN, J.

LARSON, Chief Judge:

This case presents the question of what remedies are available to an appellant whose pretrial agreement contains a provision found, at the appellate level, to be invalid. After striking the offending provision, we provided the appellant the opportunity to withdraw his guilty pleas and return to trial to pursue the course of action which had been barred by the invalid provision. He chose to forego that opportunity and to persist in his pleas. Accordingly, we find his pleas to be provident, and we affirm the findings of guilty and the sentence.

Pursuant to his pleas, the appellant was convicted of two incidents of selling cocaine in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a. He was sentenced to confinement for 18 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence and suspended all confinement in excess of 6 months for a period of 12 months from the date of trial in accordance with the terms of the pretrial agreement.

The pretrial agreement also contained the following provision:

k. THAT, the defense agrees not to raise a motion to dismiss based on purported denial of the accused's right to a speedy trial. This term originated from the defense. *This term is not intended nor should be construed to require the defense to refrain from raising any other motion or defense consistent with other terms of this agreement.*

Before the appellant entered his pleas, his counsel filed a motion to dismiss based upon denial of his right to speedy trial. Appellate Ex. I. The motion asserted, *inter alia*, that the appellant had been held in pretrial confinement awaiting trial in excess of 90 days and presented what appears to be at least a colorable claim that *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166, 1971 WL 12477 (1971), mandated dismissal of the charge against him.[1] It is clear that the motion was offered for record purposes only because, immediately after it was filed, the

---

1. Since the date of trial, *Burton* has been overruled by *United States v. Kossman*, 38 M.J. 258 (C.M.A.1993), which applies retroactively. 38 M.J. at 261. Consequently, even though the rule that would have been applied on the date of trial would have been *Burton*, our review and any subsequent re-litigation of this speedy trial issue would apply the "reasonable diligence" standard

appellant elected not to pursue it pursuant to the pretrial agreement. Record at 11. Furthermore, when the military judge later reviewed the terms of the agreement with the appellant, pursuant to Rule for Courts–Martial [R.C.M.] 910(f), he covered the specific provision set forth above and obtained the appellant's understanding of it. Record at 22.

On appeal, we specified the issue of whether this provision was valid and, if not, what was the effect on the appellant's pleas.[2] Both parties on appeal concurred that the provision was invalid and unenforceable under R.C.M. 705(c)(1)(B), but they parted company as to an appropriate remedy. The appellant asked us to order a rehearing to afford him the opportunity to litigate the speedy trial issue and then to determine whether to withdraw his pleas. The Government argued that we should first direct the parties to file pleadings with the Court indicating whether they still wish to be bound by the agreement without the invalid provision, citing *United States v. Cassity*, 36 M.J. 759, 765 (N.M.C.M.R.1992).

We found merit in the Government's argument that the appellant's election of a remedy should be made at the appellate level rather than at a rehearing, but we modified his options somewhat. After determining that the provision in question was prohibited and unenforceable, we struck it and ordered the appellant to advise the Court whether he desired to (1) withdraw his pleas and pursue the motion to dismiss for denial of speedy trial at a rehearing, or (2) abandon the motion to dismiss and persist in his pleas under the pretrial agreement as amended. The analysis below explains why we framed the appellant's options in this manner.

■ First, as a preliminary matter, we assessed the effect of this invalid provision on the providence of the appellant's pleas. In *United States v. Jones*, 23 M.J. 305

(C.M.A.1987), the Court addressed the propriety of including a waiver of certain pretrial motions as part of a defense-proposed pretrial agreement. The Court held that an otherwise valid guilty plea will rarely, if ever, be invalidated on the basis of plea-agreement provisions proposed by the defense. *See also United States v. Zelinski*, 24 M.J. 1 (C.M.A. 1987) (provision waiving trial by members not condoned but did not invalidate guilty plea where provision was freely-conceived defense product). Likewise, in this case, although the provision is prohibited by regulation, it was proposed by the defense and there is no evidence of "over-reaching" by the Government that led to the defense proposal. *Jones*, 23 M.J. at 307. Finally, the appellant has not claimed on appeal that his pleas were rendered improvident by the presence of this provision. In sum, we have examined the record and the law and we find no basis to question the providence of the appellant's pleas.[3]

■ Next, we turned to the effect of striking the invalid provision on the appellant's right to litigate his speedy trial motion. Normally, we would conclude that he waived that right by his affirmative decision on the record not to pursue that motion. *United States v. Britton*, 26 M.J. 24 (C.M.A.1988); R.C.M. 907(b)(2)(B). However, it is clear that his decision was the direct result of the provision we have now found to be invalid and unenforceable. Accordingly, we will not apply waiver.

■ Furthermore, we cannot determine the validity of the speedy trial issue at this juncture because the issue was not adequately developed below. Therefore, and in view of our finding that the provision is invalid, the appellant must now be afforded that to which he was entitled at trial: the option to pursue the motion untethered to the pretrial agreement. A reasonable and efficient

of *Kossman* vice the "90–day presumption of an Article 10, UCMJ violation" standard of *Burton*.

2. WHETHER THE DEFENSE–ORIGINATED PRETRIAL AGREEMENT PROVISION "NOT TO RAISE A MOTION TO DISMISS BASED ON PURPORTED DENIAL OF THE ACCUSED'S RIGHT TO A SPEEDY TRIAL" VIOLATED RULE FOR COURTS–MARTIAL 705(c)(1)(A), (B), *UNITED STATES V. CUMMINGS*, 17 U.S.C.M.A. 376, 38 C.M.R. 174, 1968 WL 5361

(1968), AND, IF SO, WHETHER THE APPELLANT'S PLEA WAS RENDERED IMPROVIDENT, OR WHETHER HE SUFFERED ANY OTHER FORM OF PREJUDICE AS A RESULT. (CITATIONS OMITTED.)

3. We also find that the invalid provision did not orchestrate the appellant's court-martial so as to turn it into an "empty ritual." *United States v. Holland*, 1 M.J. 58, 60 (C.M.A.1975); *United States v. Jennings*, 22 M.J. 837 (N.M.C.M.R. 1986).

means to provide an appellant the same option he should have been afforded at trial is to direct him to advise the court whether he chooses to exercise that option. *Cassity,* 36 M.J. at 765; *see also United States v. Olson,* 25 M.J. 293 (C.M.A.1987) (resolution of accused's understanding of pretrial agreement terms properly determined by appellate court vice at costly, wasteful rehearing). The appellant is represented by counsel and is certainly capable of deciding whether his best interests lie in returning to trial or in foregoing that opportunity.

Finally, assuming for the moment that the appellant elected to litigate the motion at a rehearing, we have examined the effect that decision would have had on the status of the pleas and findings. As noted above, we have already concluded that his pleas are provident. Yet, we would view maintaining the guilty pleas and findings intact as incompatible with returning the case for a rehearing to litigate the speedy trial motion. The reason for this conclusion is that it is now the law that a finding of guilty based upon a guilty plea waives appellate review of a military judge's denial of a motion to dismiss for lack of speedy trial.[4] *United States v. Cornelius,* 37 M.J. 622 (A.C.M.R.1993); R.C.M. 707(e). If he were to prevail on the motion, obviously the charges would be dismissed and the pleas would be mooted. If the motion were denied, the guilty pleas and findings would waive appellate review of the issue. *Cf. United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174, 1968 WL 5361 (1968) (rehearing required as a result of invalid waiver of speedy trial provision in pretrial agreement because, among other reasons, at that time speedy trial issue not waived by guilty plea). Therefore, litigation of the speedy trial motion is inextricably linked to the withdrawal and setting aside of the pleas and findings. Similarly, the two features in the alternate option—the one selected by the appellant—are just as inextricably linked. If the appellant wishes to maintain his pleas, he necessarily must abandon the motion to dismiss the charges to which the pleas pertain. For these reasons, we framed his options in the manner set forth above.

In the end, the appellant got what he bargained for—a relatively low limitation on unsuspended confinement. In addition, he has been provided the opportunity to recover what he voluntarily gave up to get that bargain. Similarly, although not entitled to enforcement of the speedy trial provision, the Government retained the benefits of its bargain—avoiding speedy trial litigation and a contested trial. No party to this court-martial can legitimately cry "foul" at this resolution.

The appellant's original assignments of error have all been decided by appellate decision adversely to his position and therefore are devoid of merit. *Weiss v. United States,* 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell,* 39 M.J. 131 (C.M.A.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994). Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge WELCH and Judge McLAUGHLIN concur.

---

4. Unless the accused enters a conditional plea of guilty under R.C.M. 910(a)(2), specifically preserving for appeal his motion to dismiss for denial of speedy trial. That option, however, is not the appellant's, unilaterally. The Government would have to consent to such a conditional plea.