UNITED STATES, Appellee

v.

Joshua RIVERA, Airman First Class
U.S. Air Force, Appellant.

No. 96–0628.
Crim.App. No. 31734.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 7, 1996.

Decided March 14, 1997.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* and *Colonel David W. Madsen* (on brief); *Lieutenant Colonel Kim L. Sheffield* and *Major Del Grissom.*

For Appellee: *Captain Mitchel Neurock* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Jeffery T. Infelise.*

*Amici Curiae* urging reversal: *Vincent Shaw* and *Cynthia Maisano* (law students) (argued); *Sharon Styles–Anderson* (supervising attorney), *Brian Battles* and *Leticia Santiago* (law students) (on brief)—for the Howard University School of Law, Washington, D.C.

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a general court-martial at Cannon Air Force Base, New Mexico, convicted appellant, pursuant to his pleas, of wrongfully using marijuana, methamphetamine, and cocaine on divers occasions, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.

The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 12 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 44 MJ 527.

We granted review of the following issue:

WHETHER THE PRETRIAL AGREEMENT PURPORTING TO REQUIRE APPELLANT TO "MAKE NO PRETRIAL MOTIONS" AND TO "TESTIFY AT ANY TRIAL RELATED TO MY CASE WITHOUT A GRANT OF IMMUNITY" VIOLATES PUBLIC POLICY.*

Appellant asks this Court to declare his pretrial agreement unenforceable and to set aside his conviction. For the reasons set forth below, we hold that appellant is entitled to no relief.

Charges were preferred against appellant on May 11, 1995, and investigated in accordance with Article 32, UCMJ, 10 USC § 832, on May 15, 1995. The charge sheet reflects that no pretrial restraint was imposed. On May 24, two days before formal referral of the charges to a general court-martial, appellant made a written offer to "plead guilty to all specifications of the charge; make no pretrial motions; to choose judge alone forum and to testify at any trial related to my case without a grant of immunity," in exchange for the convening authority's agreement to limit confinement to a maximum of 14 months. The convening authority referred the charges to a general court-martial on May 26 and accepted appellant's offer to plead guilty on June 13, 1995. At his court-martial on June 14, appellant pleaded guilty in accordance with his agreement. The sentence limitations were not triggered because the military judge sentenced appellant to less confinement than provided for in the agreement.

Appellant now argues that his pretrial agreement violated RCM 705(c)(1)(B), Manual for Courts–Martial, United States (1995 ed.), and public policy and deprived him of due process. He asks that the agreement be declared unenforceable and that his conviction be set aside. The Government argues that public policy was not violated; that any provisions contrary to RCM 705(c)(1)(B) are only unenforceable, not invalid; and that appellant has not been prejudiced because he gave up nothing in the agreement.

RCM 705(c)(1)(A) provides, "A term or condition in a pretrial agreement shall not be enforced if the accused did not freely and voluntarily agree to it." RCM 705(c)(1)(B) provides:

A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

RCM 705(c)(2) lists the following among the permissible terms and conditions in a pretrial agreement: "A promise to testify as a witness in the trial of another person" (RCM 705(c)(2)(B)); and "A promise to waive procedural requirements such as the Article 32 investigation, the right to trial by court-martial composed of members or the right to request trial by military judge alone, or the opportunity to obtain the personal appearance of witnesses at sentencing proceedings." (RCM 705(c)(2)(E)). A pretrial agreement may be proposed by either the defense or the Government, and either side may propose "any term or condition not prohibited by law or public policy." RCM 705(d)(1).

Article 36(a), UCMJ, 10 USC § 836(a), sets out the congressionally mandated policy that court-martial "[p]retrial, trial, and post-trial procedures, including modes of proof," so far as the President deems practicable, "apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts...." Where pretrial agreements are concerned, the rules of procedure and evidence in United States district courts are

---

* We heard oral argument in this case at the Howard University School of Law, Washington, D.C., on November 7, 1996, as part of "Project Outreach." *See United States v. Frazier,* 34 MJ 194, 195 n. 1 (CMA 1992).

"presumptively waivable." *United States v. Mezzanatto,* 513 U.S. 196, 201, 115 S.Ct. 797, 801, 130 L.Ed.2d 697 (1995). In courts-martial, waiver of some objections and motions is expressly prohibited. *See* RCM 705(c)(1)(B). Waiver of other procedural or evidentiary rules is not expressly prohibited, but some of those rules are considered "so fundamental to the reliability of the fact-finding process that they may never be waived without irreparably 'discredit[ing] the federal courts.'" *Mezzanatto, supra* at 204, 115 S.Ct. at 803 (citations omitted); *see United States v. Allen,* 8 USCMA 504, 25 CMR 8 (1957) (pretrial agreement may not make trial an empty ritual); *see also United States v. Weasler,* 43 MJ 15, 19 (1995) (accused may offer to waive command influence issue, but Government may not require waiver of command influence to obtain a pretrial agreement).

■ Appellant agreed to "make no pretrial motions." On its face, this agreement was too broad and could conceivably violate the prohibition against waivers of "the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial." RCM 705(c)(1)(B). However, appellant has not identified any issue that he was precluded from raising. The record of trial reveals no due process violations, and appellant asserts none. The record reveals no jurisdictional impediments, and appellant asserts none. The record reflects that appellant was not subjected to pretrial restraint and was brought to trial 34 days after the charges were preferred. Appellant asserts no unreasonable or oppressive delay, and the record reflects none.

■ Likewise, appellant has not identified any evidentiary objections that he was precluded from making. In any event, waiver of evidentiary objections is a permissible term of a pretrial agreement. *United States v. Gibson,* 29 MJ 379 (CMA 1990).

Appellant also agreed "to choose judge alone forum." This provision is specifically authorized by RCM 705(c)(2)(E) as well as previous decisions of this Court. *See United States v. Burnell,* 40 MJ 175–76 (CMA 1994).

■ Finally, appellant agreed to testify in other cases without a grant of immunity. An agreement to testify in other cases is specifically authorized by RCM 705(c)(2)(B). The rule does not address grants of immunity, however, which are addressed instead by RCM 704. The drafters of the rules recognized that pretrial agreements and grants of immunity are related but separate. For example, a particular convening authority might have authority to enter into pretrial agreements but might not have authority to grant immunity. *See* Drafters' Analysis of RCM 704(c), Manual, *supra* at A21–37. Neither the rules nor the drafters' analysis expressly address the question of whether the convening authority and an accused can enter into a pretrial agreement, such as the one in this case, which could have the possible effect of not only depriving the accused of the benefit of the bargain if he does not testify, but also forcing him to further incriminate himself and subjecting him to prosecution for wrongful failure to testify.

We need not decide such theoretical issues in this case. Appellant has not asserted and the record does not reflect that he has been ordered to testify, with or without immunity. Thus, we need not decide the enforceability of such an order. Furthermore, any issue involving appellant's right against self-incrimination arising from coerced testimony would not be ripe until the Government attempted to use such testimony against him in a criminal proceeding.

This Court is well aware of the dangers of coercion and overreaching in the area of pretrial agreements. We also realize, however, that restrictions on pretrial agreements can work to the detriment of an accused. As noted by the Supreme Court in *Mezzanatto,* "A defendant can 'maximize' what he has to 'sell' only if he is permitted to offer what the prosecutor is most interested in buying." 513 U.S. at 208, 115 S.Ct. at 805. In this regard we adopt the Supreme Court's reasoning:

The mere potential for abuse of prosecutorial bargaining power is an insufficient basis for foreclosing negotiation altogether.... Instead, the appropriate response

to respondent's predictions of abuse is to permit case-by-case inquiries into whether waiver agreements are the product of fraud or coercion. We hold that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the [evidentiary objection to incriminating statements] is valid and enforceable.

513 U.S. at 210, 115 S.Ct. at 806.

Appellant does not assert and the record does not reflect any evidence of government coercion or overreaching. To the contrary, appellant told the military judge during the plea inquiry that he understood the agreement, that no one forced him to make it, and that he did so freely and voluntarily. The evidence shows that appellant voluntarily proposed the terms of the pretrial agreement, that he understood the agreement, and that he knowingly and intelligently pleaded guilty in accordance with his agreement.

In the absence of any evidence of coercion, overreaching, or an attempt to enforce the agreement in a manner contrary to RCM 705(c)(1)(B), we conclude that appellant is entitled to no relief.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD and EFFRON concur.

SULLIVAN, Judge (concurring):

To the extent the majority concludes that the challenged pretrial-agreement provision was unlawful, I agree. To the extent the majority concludes that legal error in this regard was harmless, I also agree. See *United States v. Weasler*, 43 MJ 15, 19 (1995) (Sullivan, C. J., concurring in the result).