UNITED STATES, Appellee,

v.

Jody C. FORESTER, Specialist,
U.S. Army, Appellant.

No. 96–0878.
Crim.App. No. 9500885.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1997.

Decided March 16, 1998.

For Appellant: *Major Holly S.G. Coffey* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters, Major Leslie A. Nepper,* and *Captain Mark I. Goodman* (on brief); *Lieutenant Colonel John T. Rucker.*

For Appellee: *Major Lyle D. Jentzer* (argued); *Lieutenant Colonel Eva M. Novak* (on brief); *Lieutenant Colonel Frederic L. Borch.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted of attempted housebreaking, attempted larceny, violation of a general regulation, false official statement, robbery, and aggravated assault, in violation of Articles 80, 92, 107, 122, and 128, Uniform Code of Military Justice, 10 USC §§ 880, 892, 907, 922, and 928, respectively. Appellant was sentenced to a dishonorable discharge, 6 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 5 years. The Court of Criminal Appeals set aside the findings of guilty to the aggravated assault Charge and specification, dismissed that Charge and specification, and affirmed the remaining findings and sentence.

We specified the following issue:

WHETHER APPELLANT'S GUILTY PLEAS WERE IMPROVIDENT AS A RESULT OF THE RESTRICTION THAT WAS PLACED IN THE STIPULATION OF FACT REQUIRED BY THE PRETRIAL AGREEMENT IN WHICH HE "AGREE[D] TO WAIVE ANY AND ALL DEFENSES THAT [HE] MAY PRESENT REGARDING ANY OF THE AGREED–UPON FACTS DURING ALL PHASES OF TRIAL, INCLUDING THE PROVIDENCY INQUIRY AND THE CASE–IN–CHIEF" AND WHERE HIS AFFIDAVIT FILED IN THE COURT OF CRIMINAL APPEALS CONTAINS MATTERS THAT APPEAR TO RAISE POSSIBLE DEFENSES. *SEE UNITED STATES V. RIVERA,* 46 MJ 52 (1997).

For the reasons set forth below we hold that appellant's guilty pleas were provident.

FACTS

In a stipulation of fact that was part of the pretrial agreement, appellant waived his right to "any and all defenses that [he] may present regarding any of the agreed-upon facts during all phases of trial, including the providency inquiry and the case-in-chief."

The defense argues that the agreement to "waive any and all defenses" is too broad on its face and violates public policy. The defense contends that the judge should have inquired as to what this broad language meant, observing that, "Indeed if no defense or potential defense existed then the provision would be meaningless and extraneous." Final Brief at 8.

Appellant asserts, pursuant to *United States v. Grostefon,* 12 MJ 431 (CMA 1982), that he was extremely intoxicated when he committed the offenses and that he suffers from attention deficit disorder. Appellant notes these assertions are corroborated by his providence-inquiry statement that he was "pretty much laughing through the whole" robbery and by his unsworn statement that referenced his drug and alcohol problems.

DISCUSSION

The Fifth Amendment to the Constitution and Article 31, UCMJ, 10 USC § 831, shield a defendant from being a witness against himself. A guilty plea is a grave decision because it lifts that shield. A guilty plea involves more than the giving up of Fifth Amendment and Article 31 rights; it also means the defendant must admit, in open court and under oath, that he or she

committed the crime. Such a drastic acknowledgment of guilt and waiver of rights require a knowing and intelligent decision. RCM 910(d), Manual for Courts-Martial, United States (1995 ed.); *see also Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ There are numerous benefits to pleading guilty. A plea of guilty ensures the prompt application of correctional measures; avoids delays; amounts to an acknowledgment of guilt and acceptance of responsibility; and avoids the risks of a contested trial. In addition, it avoids the agony of trial. Guilty pleas also help preserve limited resources[1] and relieve the victim of the trauma of testifying. A guilty plea also maximizes the accuracy of the proceedings because Article 45, UCMJ, 10 USC § 845, prohibits an innocent individual from pleading guilty.[2]

If a defendant chooses to plead guilty in order to obtain a favorable pretrial agreement, he enters into the pretrial agreement with the convening authority rather than the prosecutor. RCM 705(a). The convening authority knows the resources that are available and may want to preserve the full impact of criminal law rather than diluting the moral force of the criminal sanction by accepting a plea bargain. *See also* Rubinstein and White, *Plea Bargaining: Can Alaska Live Without It?,* 62 Judicature 266 (1978); Weninger, *The Abolition of Plea Bargaining: A Case Study of El Paso County, Texas,* 35 UCLA L. Rev. 265 (1987).

■ The Government cannot threaten or coerce an accused into pleading guilty. *See United States v. Rivera,* 46 MJ 52, 54 (1997). However, the Government may encourage the accused to plead guilty by offering a favorable pretrial agreement. Even then, the Manual protects the defendant by maintaining the following important rights:

the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

RCM 705(c)(1)(B).

■ The Government may not avoid these provisions by setting forth prohibited terms, as in this case, in the stipulation of fact. The terms of a pretrial agreement should not be in the stipulation but in the agreement itself for acceptance or rejection by the convening authority. But the Government may predicate the pretrial agreement upon certain conditions, including that a defendant stipulate to certain facts, testify in another trial, avoid misconduct after sentencing, or waive an investigation under Article 32, UCMJ, 10 USC § 832. RCM 705(c)(2)(A), (B), (D), and (E).

■■ Appellant did not set up any matter inconsistent with his guilty plea that would have required the military judge to inquire into the existence of a defense. *United States v. Davenport,* 9 MJ 364, 367 (CMA 1980). Neither appellant's statement during the providency inquiry that he "was pretty much laughing through the whole [robbery]" nor the generalized comments in his unsworn statement to past problems with drugs and alcohol raised the issue of whether he had the specific intent required for some of the crimes. This Court will not overturn a guilty plea based on the "mere possibility" of a defense. *See, e.g., United States v. Faircloth,* 45 MJ 172, 174 (1996). These vague references cited by appellant do not constitute the "substantial basis in law or fact"

---

1. A military defendant does not necessarily suffer from great expenses relating to trial. In the military, a defendant is furnished with a military attorney, free of charge, regardless of indigency, although a military defendant may choose to hire and pay for civilian counsel instead. In addition, a defendant's pay continues through the trial, whether or not he is undergoing pretrial restraint.

2. This is contrary to what can be done in the civilian federal courts, where a defendant may plead no contest, or *nolo contendere,* to an offense. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

required to overturn a guilty plea. *United States v. Prater*, 32 MJ 433, 436 (CMA 1991).

■ Appellant is not entitled to relief based on the overly broad "waiver of defenses" provision contained in the stipulation of fact. Because appellant has not contended that he was precluded by the waiver provision from asserting any defense, he has not shown that he was prejudiced by the inclusion of this provision. *See Rivera*, 46 MJ at 54.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, GIERKE, and EFFRON concur.