# UNITED STATES

## v.

**Robertluis BENITEZ, 264–75–1821, Airman Recruit (E–1), U.S. Navy.**

**NMCM 97 00903.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 14 Feb. 1997.

Decided 31 Dec. 1998.

---

LT Jeffrey K. Van Nest, JAGC, USNR, Appellate Defense Counsel.

Capt Michael Carsten, USMC, Appellate Government Counsel.

LtCol William H. Borden, USMCR, Appellate Government Counsel.

Before OLIVER, Chief Judge, CLARK and LEO, Senior Judges.

1. I. THE PRETRIAL AGREEMENT PURPORTING TO REQUIRE APPELLANT TO WAIVE A SPEEDY TRIAL MOTION VIOLATES PUBLIC POLICY.
   II. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE THE NATURE OF HIS OFFENSES DO NOT WARRANT THE IMPOSITION OF AN UNSUSPENDED BAD-CONDUCT DISCHARGE.
   III. THE STAFF JUDGE ADVOCATE COMMITTED PLAIN ERROR BY FAILING TO INCLUDE THE CHARACTER OF APPELLANT'S SERVICE IN THE STAFF JUDGE ADVOCATE'S RECOMMENDATION. (Citations omitted.)

LEO, Senior Judge:

Following the entry of mixed pleas, the appellant was convicted at a general court-martial before a military judge alone of failing to go to his appointed place of duty, violating a lawful order not to operate a privately-owned vehicle while in a restricted status, three specifications of assault consummated by a battery upon his spouse, and breaking restriction, in violation of Articles 86, 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 928, and 934 (1994) [hereinafter UCMJ]. He was awarded confinement for 8 months, forfeiture of $800 pay per month for 8 months, and a bad-conduct discharge. In accordance with the pretrial agreement, the convening authority approved the sentence as adjudged, but suspended all confinement in excess of 6 months for 12 months from the date of trial.

We have examined the record of trial, the appellant's assignments of error,[1] and the Government's response.

The appellant contends in his first assignment of error that the provision of his pretrial agreement to waive "all non-constitutional or non-jurisdictional motions" violated public policy because it required him to forgo a speedy-trial motion. After careful review, we agree.

The offending provision in the pretrial agreement states:

c. In further consideration of this agreement, I voluntarily agree to waive my right to bring any and all non-constitutional or non-jurisdictional motions in connection with this General Court–Martial. I do so having first been informed of my right to bring such motions by my counsel, and freely and voluntarily surrender this right as consideration for this agreement.

Appellate Exhibit II at 3.

On its face, the provision would merely appear to be overly broad, since it does not expressly include any of the prohibited condi-

tions set forth in RULE FOR COURTS-MARTIAL 705(c)(1)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. Had it remained that way, the appellant might not be entitled to any relief even if the provision was invalid. *United States v. Rivera*, 46 M.J. 52, 54–55 (1997). However, in reviewing the pretrial agreement with counsel and the appellant, the military judge learned that there was, in fact, a speedy-trial motion which the trial defense counsel had previously intended to raise; that the motion would have been based on a statutory rather than a constitutional violation of the right to speedy trial; and that the waiver provision in the pretrial agreement was proposed *by the Government*. Record at 56–59.

■ The law in this precise area has been well-settled for a long time. A pretrial agreement may not be conditioned on the accused's waiver of his statutory and constitutional right to speedy trial. *United States v. Cummings*, 17 C.M.A. 376, 38 C.M.R. 174, 176, 1968 WL 5361 (1968). "A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of ... the right to a speedy trial ..." R.C.M. 705(c)(1)(B). In *United States v. Pruitt*, 41 M.J. 736, 737 (N.M.Ct.Crim.App.1994), we declared invalid a pretrial agreement provision to forgo a speedy-trial motion, even though it had been originally proposed by the defense. More recently, in *United States v. Weasler*, 43 M.J. 15, 16 (1995), our superior court held that a similar provision in a pretrial agreement to forgo an unlawful command influence motion at trial was valid because it had been proposed by the accused. The Court stated, "To hold otherwise would deprive appellant of the benefit of his bargain." *Id.* at 19. However, the Court also noted that, had the Government *required* the accused to withdraw the motion in order to obtain the agreement, it would have violated public policy. *Id.*

■ Although the challenged provision in this case did not expressly address the speedy-trial issue, the record is clear that it was *initiated by the Government* in order to prevent the appellant from raising the issue at trial in return for a favorable pretrial agreement. Under these circumstances, the fact that there is a "quid pro quo" does not override the strong public policy considerations against allowing the Government to require an accused to waive fundamental statutory rights expressly protected by procedural rules. *See United States v. Rivera*, 46 M.J. 52, 54 (1997). Accordingly, we find that the challenged provision in this case violates public policy.

Citing *Rivera*, the Government argues that, even if the waiver provision was too broad, the appellant is entitled to no relief because he has not shown any coercion or overreaching by the Government. *See id.* at 55. We are not persuaded.

First of all, if the appellant could make such a showing, the provision would be involuntary and, therefore, unenforceable under R.C.M. 705(c)(1)(A), rather than R.C.M. 705(c)(1)(B). If we were to decide this case solely upon the voluntariness of the waiver, we would still find it defective. The military judge essentially advised the appellant that a speedy-trial motion that was not constitutionally-based could be waived in the pretrial agreement. Record at 57. By doing so, he erred as a matter of law. The specific prohibition against including such waivers in a pretrial agreement applies to the appellant's statutory, as well as constitutional, right to a speedy trial. *Cummings*, 38 C.M.R. at 176; Art. 10, UCMJ, 10 U.S.C. § 810. As a result, there was prejudice to the substantial rights of the appellant because he "was operating under the effects of a palpably void condition in his agreement with the convening authority."[2] *Cummings*, 38 C.M.R. at 177.

Second, unlike this case, the accused in *Rivera* was unable to identify a specific issue

2. At trial, the trial defense counsel, in opposing a Government request for a continuance, stated, "I'd ask the court to take notice of the fact that [] we weren't able to assert speedy trial concerns in a normal fashion due to the pretrial agreement, of course, and some of our protections have been forfeited, and now we're at the mercy of the court to protects us for these speedy trial rights." Record at 90.

**542**

which he would have raised absent his agreement to "make no pretrial motions." *Rivera,* 46 M.J. at 53–54. Consequently, the Court in *Rivera* found not only the absence of any coercion or overreaching, but no evidence of an attempt by the Government "to enforce the agreement in a manner contrary to RCM 705(c)(1)(B)." [3] *Id.* at 55.

The Government next argues that the appellant is entitled to no relief because the appellant failed to show that he had a viable speedy-trial motion under Article 10, UCMJ, 10 U.S.C. § 810. Therefore, it suggests that any error was harmless. In the first instance, the Government's argument is disingenuous because it faults the appellant for failing to prove something which was barred by the pretrial agreement. Second, we are able to ascertain from the record that, after the appellant was placed in pretrial confinement on 17 October 1996, charges were not preferred until the 46th day of confinement, the pretrial investigation report was not completed until the 96th day, the charges were not referred until the 108th day, and the appellant was not arraigned until the 117th day. The reasons for these delays are unexplained. Given these facts, we believe that the appellant has made a colorable showing that a viable speedy-trial claim exists. Since it is the Government which carries the burden on this issue, *United States v. Swan,* 45 M.J. 672, 678 (N.M.Ct.Crim.App.1996), we cannot conclude that the error was harmless.

In *Pruitt,* we found a similarly offending provision in the pretrial agreement to be invalid and provided the appellant with the option to withdraw from the pretrial agreement and pursue his speedy-trial motion or to abandon the motion and maintain his pleas. *Pruitt,* 41 M.J. at 738–39. In this case, by expressly requesting that we set aside the findings of guilt and remand the case for a new trial, the appellant has already made his election. We see no useful purpose

to be served by applying the remedy in *Pruitt.*

Due to our disposition of the appellant's first claim, we need not address the remaining assignments of error. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered by the same or a different convening authority.

Chief Judge OLIVER and Senior Judge CLARK concur.

---

**3.** Although our superior court favorably cited *United States v. Mezzanatto,* 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995)(rules of procedure and evidence are "presumptively waivable" in pretrial agreements), it also acknowledged that, "[i]n courts-martial, waiver of some objections and motions [is] *expressly prohibited*" by R.C.M. 705(c)(1)(B). *Rivera,* 46 M.J.

at 53–54 (emphasis added); *cf. United States v. Bartley,* 47 M.J. 182, 186–87 (1997)(findings and sentence set aside where pretrial agreement included sub rosa provision to waive unlawful command influence issue and court not convinced beyond a reasonable doubt that issue did not induce guilty plea).