# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JONATHAN R. CHAVEZ-CORRALES**
**United States Army, Appellant**

ARMY 20120640

Headquarters, Fort Carson
David H. Robertson, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief); Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageliery, Jr., JA; Major Vincent T. Shuler, JA; Captain Michael J. Millios, JA (on reply brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Sean Fitzgibbon, JA (on brief).

31 July 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave and one specification of wrongfully distributing cocaine on divers occasions, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and to be confined for 18 months.  The convening authority, pursuant to a pretrial agreement, only approved six months of confinement and a bad-conduct discharge.  The convening authority also awarded appellant 160 days of confinement credit.

CHAVEZ-CORRALES—ARMY 20120640

This case is before us pursuant to Article 66, UCMJ. Appellant raises two assignments of error which merit discussion but no relief.

## BACKGROUND

*Waivable Motions, Speedy Trial, and Waiver*

Both of appellant's assigned errors involve a clause in appellant's pretrial agreement that required him to "[waive] all waivable motions."[1] During the inquiry into the providency of appellant's guilty plea, the military judge discussed the ramifications of this clause with appellant and his defense counsel as follows:

> MJ: [Paragraph] 3d requires you to waive all waivable motions. Has your defense counsel discussed this provision of your pretrial agreement with you?
>
> ACC: Yes she did, sir.
>
> MJ: And Defense Counsel which motions are you not making as a result of this provision?
>
> DC: Your honor, *the only motion we would have made is a motion for [UCMJ] Article 13 credit.* [Appellant] . . . is

---

[1] Assignment of Error I alleges:

THE MILITARY JUDGE ABUSED HIS DISCRETION BY VIOLATING [Rule of Court-Martial] 705(c)(1)(B) WHEN HE ACCEPTED APPELLANT'S PRETRIAL AGREEMENT WITH A PROVISION THAT STATES, "WAIVE ALL WAIVABLE MOTIONS" AFTER ELICITING THAT IT INCLUDED A WAIVER OF APPELLANT'S RIGHT TO A SPEEDY TRIAL.

Assignment of Error II alleges:

[Appellant] WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL BECAUSE HIS DEFENSE COUNSEL ALLOWED THE GOVERNMENT TO INSIST ON A PRETRIAL AGREEMENT TERM THAT WAIVED SPEEDY TRIAL MOTIONS IN VIOLATION OF [Rule of Court-Martial] 705(c)(1)(B).

2

on the record [as having been] placed in pretrial confinement. It took a while to get his pay turned on. The pay [had been] turned off. It took me and my paralegal telling his unit Battalion XO that they needed to change the [DA Form] 4187. They finally did that and got the pay turned back on.

In addition, [appellant] had requested his medicine . . . when he [was initially placed in pretrial confinement]. He continued to ask . . . facility [personnel] as well as mention it to chain of command individuals who came and visited him. [I had also], in the beginning . . . mentioned it to the prosecution. But for the agreement and the deal he is receiving I would have made that motion.

MJ: Specialist Chavez, you need to understand that certain motions are waived or given up if defense counsel does not make the motion prior to entering a plea. Some motions, however, can never be given up and those motions would include; dismissal for lack of jurisdiction or for failure to state an offense which can never be given up.

Now, do you understand that this term of your pretrial agreement means that you give up the right to make this Article 13 illegal pretrial punishment motion?

ACC: Yes, sir.

MJ: And in particular, this provision means that this court or any appellate court is then precluded from reviewing that motion and if you were entitled to credit, giving you some credit off your sentence for any illegal pretrial punishment?

ACC: Yes, sir.

MJ: Now, when you elected the right to give up litigating these motions, did your defense counsel have a chance to explain this term of your pretrial agreement to you?

ACC: Yes, sir.

> MJ: Did anyone force you to enter into this term of your pretrial agreement?
>
> ACC: No, sir.
>
> MJ: And which side originated this term of the pretrial Agreement?
>
> TC: We did, your honor, the government.
>
> MJ: Now, although the government originated this term of your pretrial agreement did you freely and voluntarily agree to this term of your pretrial agreement in order to receive what you believe is a beneficial pretrial agreement?
>
> ACC: Yes, sir.
>
> MJ: Now, do you have any other questions about this term of the pretrial agreement?
>
> ACC: I do not, sir.

Immediately after completing this portion of the colloquy, the military judge, sua sponte, initiated a discussion in regards to the issue of a speedy trial:

> MJ: Now, defense counsel, I'm not sure if there is any merit to these motions, but did you also look into the issue of speedy trial?
>
> DC: Yes, your honor. After reviewing it and discussing it with my client *there is enough defense delay in negotiating the deal, the agreement that we came to, that I did not believe it was warranted.* Despite the fact that there were times that I felt it took longer than necessary to get things signed because the brigade commander is forward and did not leave jurisdiction to anybody else to sign for him. So that was a lot of the hold up, *but due to the fact that a lot of it had to do with negotiations I do not believe that the speedy trial motion is warranted.*
>
> MJ: And so you looked into it under [Rule for Courts-Martial] 707, Article 10, [UCMJ], 5th and 6th Amendments?

4

DC:  Yes, Your Honor.

MJ:  Is that something you have discussed with your client?

DC:  I did, Your Honor.

MJ:  By this provision you are expressly waiving any such motions?

DC:  I am, Your Honor.

MJ:  Is that also your understanding Specialist Chavez?

ACC:  Yes, sir.

The military judge then continued to discuss additional provisions of the pretrial agreement with appellant, ultimately finding appellant's guilty plea to be provident.

## LAW AND DISCUSSION

"A pretrial agreement may not be conditioned on the accused's waiver of his statutory and constitutional right to speedy trial." *United States v. Benitez*, 49 M.J. 539, 541 (N.M. Ct. Crim. App. 1998) (citing *United States v. Cummings*, 17 U.S.C.M.A. 376, 378, 38 C.M.R. 174, 176 (1968) (*overruled on other grounds by United States v. Rodriguez*, 67 M.J. 110 (C.A.A.F. 2009)). Rule for Courts-Martial [ hereinafter R.C.M.] 705(c)(1)(B) prohibits the enforcement of pretrial agreement terms that deprive an accused of certain rights, to include "the right to a speedy trial." However, an unconditional "plea of guilty that results in a finding of guilty waives any speedy trial issue as to that offense." R.C.M. 707(e). In addition, our superior court, in *United States v. Tippit*, 65 M.J. 69, 75 (C.A.A.F. 2007) found that an unconditional "plea of guilty which results in a finding of guilty" not only waives any speedy trial issue under R.C.M 707(e), but "also waives any speedy trial issue as to that offense under the Sixth Amendment."

In initially clarifying what motions were being waived pursuant to the "waive all waivable motions" clause in the pretrial agreement, appellant and his counsel did not identify speedy trial as an issue. To the contrary, appellant's counsel stated the only motion impacted by this clause was *"a motion for Article 13 credit."* Appellant's counsel specifically stated that based on issues involving appellant's pay and deprivation of medicine, she believed valid grounds existed to support a motion seeking Article 13, UCMJ, credit on appellant's behalf. It was this motion she and appellant were precluded from filing as a result of the "waive all waivable motions" clause.

After appellant's counsel identified the Article 13, UCMJ motion as the only one covered by the "waive all waivable motions" clause, the military judge ensured appellant understood the ramifications of waiving this motion; that he had voluntarily agreed to this term; and that he had no questions about this term. It was only after this discussion that the military judge broached the speedy trial issue.

Although it is not entirely clear from the record as to why the military judge inquired into the issue of speedy trial, appellant had spent approximately 160 days in pretrial confinement at the time of trial and about 155 days had transpired from the preferral of charges until appellant was arraigned.[2]  Absent "excludable delay[s]," R.C.M. 707 requires that an accused be brought to trial within 120 days after the preferral of charges or imposition of pretrial restraint, whichever occurs earlier. R.C.M. 707(a)(1) and (2).  It is therefore plausible the military judge was acting out of an abundance of caution to ensure the record reflected that this issue was discussed at trial.  In asking appellant's counsel about the plausibility of a speedy trial violation, the military judge specifically inquired into whether defense counsel had considered the applicability of R.C.M. 707, Article 10, UCMJ, and the Fifth and Sixth Amendments to appellant's case.

It is important to note appellant's counsel emphasized the lack of merit associated with a speedy trial motion when discussing it with the military judge.  In response to the military judge's questions about the issue of speedy trial, defense counsel stated that because there was "enough defense delay" involved in the negotiations surrounding the pretrial agreement, she did "not believe that the speedy trial motion [was] warranted."  In addition, in response to another question by the military judge about the issue of speedy trial, appellant's counsel stated her review of a speedy trial issue included R.C.M. 707, Article 10, UCMJ, and the Fifth and Sixth Amendments to the U.S. Constitution.

It was at this point in the proceedings, after appellant's counsel had repeatedly stated she was not pursuing a speedy trial motion, based on a lack of merit, that the military judge inexplicably asked her if she was "expressly waiving any such motions" as a result of "this provision," presumably referring to the "waive all waivable motions" clause found in the pretrial agreement.  Appellant's counsel and appellant agreed with the military judge and then, with no further discussion, the military judge began discussing the next provision in the pretrial agreement.

---

[2] Appellant was placed in pretrial confinement on 18 January 2012.  Charges were preferred against appellant on 24 January 2012.  Appellant was arraigned and tried on the same day, 26 June 2012.

Appellant now argues that (1) he has not waived his right to raise a speedy trial issue pursuant to R.C.M. 707(e), because his pretrial agreement contained a clause that required him to waive his right to a speedy trial; and (2) that his defense counsel was ineffective because she "erroneously bargained away the right to raise speedy trial." Appellant equates his situation to the one faced by our sister court in *Benitez* and requests he be granted similar relief.

While we agree that *Benitez* is helpful in deciding appellant's case, we find its application ultimately affords appellant no relief. Benitez's pretrial agreement contained a clause requiring him to waive "all non-constitutional or non-jurisdictional motions." *Benitez*, 49 M.J. at 540. When the military judge inquired into this term, it became apparent not only that his counsel had intended to raise a speedy-trial motion except for this clause, but the clause was "initiated by the Government in order to prevent the appellant from raising the issue at trial in return for a favorable agreement." *Id.* at 541.

Having found this provision in violation of R.C.M. 705(c)(1)(B), the court in *Benitez* could not conclude the error was harmless because (1) the government had precluded the defense from making the motion and (2) their review of the record revealed unexplained delays in the pretrial processing of the case that may have supported a speedy trial motion. *Id.* at 541-42. As a result of their analysis, the Navy-Marine Corps court in *Benitez* ultimate set aside the findings and sentence. *Id.* at 542.

Here, unlike *Benitez*, defense counsel stated the only motion she did not file as a result of the pretrial agreement was an Article 13 motion, not a speedy trial motion. Although defense counsel reviewed the issue, she specifically discounted filing a speedy trial motion. This was not due to a clause in the pretrial agreement, but because the motion was without merit. Again unlike *Benitez*, there is no evidence in the record the government insisted on the clause in issue being included in the pretrial agreement to specifically preclude the defense from filing a speedy trial motion. Our superior court found this lack of government coercion to be crucial in a similarly situated case. *See United States v. Rivera*, 46 M.J. 52, 55 (C.A.A.F. 1997) ("[I]n the absence of any evidence of coercion, overreaching, or an attempt to enforce the agreement in a manner contrary to [R.C.M.] 705(c)(1)(B), we conclude appellant is entitled to no relief.").

In addition, it is important to note the lack of logical reasoning associated with the military judge's question concerning whether appellant's counsel was waiving a speedy trial motion *only as a result* of the clause in question. Appellant's counsel had just stated: (1) the only motion she was waiving in regards to this clause concerned Article 13; and (2) based on her review of the case, any speedy trial motion was unwarranted. Therefore, the question served no valid purpose. Although counsel responded affirmatively to this question, the rest of the record

7

stands in stark contrast and renders this response irrelevant. The military judge bears primary responsibility for injecting this issue into a straightforward guilty-plea inquiry. However, government counsel, who in this case were responsible for adding this clause to the pretrial agreement, must remain vigilant on the limitations associated with such provisions. Government counsel who include this term in agreements as mere boilerplate needlessly inject potential issues into trials.

Accordingly, we find the "waive all waivable motions" clause did not require appellant to waive his right to a speedy trial. The record reflects no evidence of coercion or an attempt to enforce the pretrial agreement in a manner contrary to R.C.M. 705(c)(1)(B). We therefore conclude appellant is not entitled to relief, and his unconditional plea of guilty and failure to litigate the speedy trial issue resulted in a finding of guilty that waived any speedy trial issue as to that offense. R.C.M. 707(e); *see also Tippit*, 65 M.J. 69; *United States v. Mizgala*, 61 M.J. 122 (C.A.A.F. 2005).

## CONCLUSION

We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. The findings of guilty and the sentence are AFFIRMED.

Judge TELLITOCCI and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

8