UNITED STATES, Appellee,

v.

William S. McLAUGHLIN III, Lance Corporal, U.S. Marine Corps, Appellant.

No. 96–0507.

Crim.App. No. 94–2095.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 11, 1999.

Decided April 28, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant Dale O. Harris*, JAGC, USNR (argued); *Lieutenant Jeffrey K. Van Nest*, JAGC, USNR (on brief); *Lieutenant Kathryn L. Clune*, JAGC, USNR.

For Appellee: *Major Mark K. Jamison*, USMC (argued); *Colonel K.M. Sandkuhler*, USMC, and *Commander E.E. Irvin*, JAGC, USN (on brief); *Colonel Charles Wm. Dorman*, USMC, *Commander D.H. Myers*, JAGC, USN, *Lieutenant Andrew J. Waghorn*, JAGC, USNR, and *Lieutenant Russell J.E. Verby*, JAGC, USNR.

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted at a special court-martial of attempted larceny (2 specifications), conspiracy to commit larceny (2 specifications), larceny (6 specifications), failure to obey a lawful order, wrongful disposition of military property, false swearing, and receiving stolen property, in violation of Articles 80, 81, 121, 92, 108, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 881, 921, 892, 908, and 934, respectively. As part of a pretrial agreement, a number of specifications were withdrawn, including one of attempted larceny, seven of larceny, and one of abuse of an animal. Appellant was sentenced to a bad-conduct discharge, 180 days' confinement, partial forfeitures, and reduction to the lowest enlisted grade. Pursuant to the pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 120 days and all forfeitures. The Court of Criminal Appeals set aside one attempted larceny finding, one conspiracy finding, and two larceny findings, otherwise affirming the findings and sentence.

The first time this case was before the Court of Criminal Appeals, the court directed appellant to make an election regarding whether he wanted to maintain his guilty pleas and the pretrial agreement or, instead,

wanted to withdraw from the pretrial agreement. However, on reexamination, with the benefit of *United States v. Rivera,* 46 MJ 52 (1997), the court concluded that there was "no Government coercion, overreaching, or attempt to enforce the agreement in a manner contrary" to the Manual for Courts–Martial, United States, 1984. The court noted that appellant did not identify at his court-martial any issue that he was precluded from raising by the two provisions of the agreement found to be improper. As was the case with *Rivera,* the court "therefore conclude[d] that appellant is entitled to no relief." Unpub. op. at 5 (Oct. 23, 1997).

We granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT REFUSED TO REMAND THIS CASE, SO THAT APPELLANT COULD LITIGATE A SPEEDY TRIAL ISSUE, AFTER THE COURT CONCLUDED APPELLANT'S PRETRIAL AGREEMENT CONTAINED AN UNLAWFUL PROVISION IN CLEAR VIOLATION OF RULE FOR COURTS–MARTIAL 705(c)(1)(B).

We hold that the Court of Criminal Appeals did not err because appellant has not set forth sufficient information to show a colorable speedy trial claim.

## FACTS

After being advised of his right to counsel and his rights concerning forum, appellant elected a trial by military judge alone. He then indicated that he had voluntarily entered into a pretrial agreement. After the providency inquiry was conducted, the judge noted that there was a provision in the agreement to waive the speedy trial issue. The judge asked defense counsel if there was a speedy trial issue he had wanted to raise. The defense counsel replied, "Sir, that's something that would be subject to some debate, but if there were any issues, the defense is waiving that issue as part of this agreement." The judge again asked, "And you do not ... want to raise [the] issue?" The defense replied, "That's right, sir."

The charge sheet indicates that appellant was in pretrial confinement from February 12, 1994, until May 11, 1994 (88 days), when he was transferred to a Japanese jail to be held for civilian charges. However, the date of court-martial was May 18, 1994; thus, the defense asserts 95 days of delay. *United States v. Kossman,* 38 MJ 258 (CMA 1993), which abolished the presumption of a speedy trial violation where pretrial confinement exceeds 90 days, was decided on September 29, 1993. The charge sheet also reflects that appellant was brought to trial 26 days after the preferral of charges.

The defense argues that 95 days is a long time in pretrial confinement, and that the Government must demonstrate it acted with reasonable diligence. According to the defense, "[t]he fact that both sides specifically agreed *not* to litigate a speedy trial motion logically infers [sic] that the trial counsel and defense counsel believed that at least a colorable speedy trial issue existed in Appellant's case." Final Brief at 8. In addition, appellant's trial defense counsel filed an affidavit with the court below reiterating that he thought there was a valid speedy trial motion.

The defense contends that this speedy trial motion is viable because appellant was in pretrial confinement for over 90 days, though disavowing a return to the presumption of *United States v. Burton,* 21 USCMA 112, 44 CMR 166 (CMA 1971). In *Kossman,* we rejected the notion of a "magic number" in speedy trial cases, and we do so again here. *United States v. Hatfield,* 44 MJ 22 (1996) (upholding dismissal of charges by judge for 48 days of "inordinate delay").

The Government argues that there is no evidence of overreaching or coercion and that the record demonstrates appellant voluntarily waived his speedy trial rights. The Government also notes that appellant has failed to articulate any prejudice. The Government further notes that the speedy trial rule is a 120–day rule, pursuant to RCM 707, Manual, *supra,* rather than the 90–day *Burton* rule.

## DISCUSSION

As for impermissible pretrial agreement terms, the Manual merely requires that these terms will not be enforced. RCM

705(c)(1)(B). The judge should have declared this speedy trial provision impermissible and unenforceable, while upholding the remainder of the pretrial agreement. After so informing appellant, the judge could have then asked him if he wanted to raise a speedy trial issue. If appellant declined to do so, his waiver would have been clearer. The source of these pretrial conditions is immaterial because a 1991 change to the Manual permits the Government to initiate terms and conditions of a pretrial agreement. *See* Manual, *supra* (1998 ed.) at A21–39.

In any event, appellant must in the first instance come forward and make a *prima facie* showing or a colorable claim that he is entitled to relief. *See United States v. Forester,* 48 MJ 1 (1998); *Rivera,* 46 MJ at 54. Appellant has not carried his burden. While there was a 95-day delay, appellant has not shown that he was prejudiced, that he made a demand for trial, or that this was a simple set of offenses that would not require the amount of time taken by the Government to investigate. The charge sheet itself does not validate that assertion.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals (Oct. 23, 1997) is affirmed.