UNITED STATES, Appellee

v.

David D. TATE, Hospital Corpsman Second Class
U.S. Navy, Appellant

No. 06-0291

Crim. App. No. 200201202

United States Court of Appeals for the Armed Forces

Argued October 25, 2006

Decided January 16, 2007

EFFRON, C.J., delivered the opinion of the Court, in which BAKER and ERDMANN, JJ., joined.

STUCKY and RYAN, JJ., did not participate.


Counsel

For Appellant:  Lieutenant Brian L. Mizer, JAGC, USN (argued); Lieutenant Commander Jason S. Grover, JAGC, USN (on brief).


For Appellee:  Major Brian K. Keller, USMC (argued); Commander P. C. LeBlanc, JAGC, USN, and Lieutenant Jessica M. Hudson, JAGC, USN (on brief); Commander Charles N. Purnell, JAGC, USN.


Military Judge:  K. B. Martin


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of conspiracy to obstruct justice, false official statement (three specifications), premeditated murder, sodomy, obstruction of justice (five specifications), and adultery, in violation of Articles 81, 107, 118, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 907, 918, 925, 934 (2000), respectively. The adjudged and approved sentence included a dishonorable discharge, confinement for life without parole, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority suspended confinement in excess of fifty years for twelve months pursuant to a pretrial agreement. The Navy-Marine Corps Court of Criminal Appeals affirmed in an unpublished opinion. United States v. Tate, No. NMCCA 200201202, 2005 CCA LEXIS 356, at *16 2005 WL 3111979, at *6 (N-M. Ct. Crim. App. Nov. 21, 2005).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE PRETRIAL AGREEMENT VIOLATED RULE FOR COURTS-MARTIAL 705(c) BY DENYING APPELLANT THE POST-TRIAL RIGHT TO SEEK CLEMENCY AND PAROLE.

For the reasons set forth below, we conclude that the pretrial agreement included conditions not permitted by Rule for

2

Courts-Martial (R.C.M.) 705(c).  Our decretal paragraph orders appropriate corrective action.


## I.    BACKGROUND

### A.    POST-TRIAL AND APPELLATE PROCEEDINGS

The military justice system is administered primarily by military commanders empowered to convene courts-martial, who are dispersed throughout the United States and numerous foreign countries.  Pretrial agreements are made between those convening authorities and servicemembers accused of offenses.

In the UCMJ, Congress sought to balance the relatively autonomous power of convening authorities by centralizing review and clemency functions in the appellate courts and senior executive branch officials.  See H.R. Rep. No. 81-491, at 3-8 (1949); S. Rep. No. 81-486, at 1-3 (1949), reprinted in 1950 U.S.C.C.A.N. 2222, 2222-24; 96 Cong. Rec. S1362-63 (Feb. 2, 1950) (statement of Sen. Estes Kefauver); see also Waldemar A. Solf, Appellate Review –- New Trial, in Legal and Legislative Basis, Manual for Courts-Martial United States 146-47 (1951).

Under Subchapter IX of the UCMJ, entitled "Post-trial Procedure and Review of Courts-Martial," convening authorities conduct the initial review of courts-martial.  Article 60, UCMJ, 10 U.S.C. § 860 (2000).  The responsibility for review then moves to centralized authorities, the Court of Criminal Appeals,

this Court, and the Supreme Court, with clemency and parole responsibilities vested in the service secretaries.  Articles 66, 67, 67a, and 74, UCMJ, 10 U.S.C. §§ 866, 867, 867a, 874 (2000).

In Article 74, UCMJ, Congress authorized the service secretaries to exercise "clemency and parole powers as well as ultimate control of sentence uniformity."  S. Rep. No. 81-486, at 31.  The service secretaries administer parole under 10 U.S.C. § 952 (2000) ("Parole").  The Navy implements these provisions in various issuances, including Dep't of the Navy, Secretary of the Navy Instr. 5815.3J, Department of the Navy Clemency and Parole Systems (June 12, 2003) [hereinafter SECNAVINST 5815.3J].  Paragraph 201 of the Instruction states:

> This regulation implements the clemency and parole systems authorized by 10 U.S.C. sections 874 and 952-954. It must be read in a manner that is uniform and consistent with good order and discipline within the military as defined by the UCMJ (10 U.S.C. sec. 801-946), the Manual for Courts-Martial, other rules and procedures of the Departments of Defense and Navy and, where appropriate, enforced by corrections policy established by law and regulations implementing 10 U.S.C. sec. 951 (Military Correctional Facilities).

The Instruction further states that it "must also be read in a manner that promotes uniformity and consistency of application of military justice as set forth in the Manual for Courts-Martial" and other regulatory issuances.  Id. at para. 203.
The proceedings of the Navy Clemency and Parole Board are independent of the authorities that may be exercised by other

4

officials under Article 74, UCMJ, and the Instruction provides a mechanism for coordinating the actions of the Board with other officials.  SECNAVINST 5815.3J, paras. 101, 414; see Dep't of the Navy, Judge Advocate General Instr. 5800.7D, Manual of the Judge Advocate General (JAGMAN) para. 0158 (Mar. 15, 2004).

## B.  LIMITATIONS ON PRETRIAL AGREEMENTS

R.C.M. 705(c), which governs the scope of pretrial agreements, ensures that such agreements will not disturb the balance established by Congress between the relative responsibilities of convening authorities and reviewing authorities.  R.C.M. 705(c) identifies both permissible and prohibited terms and conditions.  With respect to prohibited terms, R.C.M. 705(c) states:

> A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

R.C.M. 705(c)(1)(B) (emphasis added).

R.C.M. 705(c) identifies certain rights fundamental to the fair administration of the military justice system that cannot be bargained away.  See Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-39 (2005 ed.) and cases cited therein.  The prohibition extends to terms or conditions concerning certain rights that otherwise

5

may be waived during subsequent trial and appellate proceedings, such as the right to counsel, see Article 27, UCMJ, 10 U.S.C. § 827 (2000); the right to a speedy trial, see Article 33, UCMJ, 10 U.S.C. § 833 (2000); the right to submit post-trial matters to the convening authority, see Article 60(b)(1), (c)(2), UCMJ, 10 U.S.C. § 860(b)(1), (c)(2) (2000); and the right to certain forms of appellate review, see Article 61, UCMJ, 10 U.S.C. § 861 (2000). Cf. United States v. Hernandez, 33 M.J. 145, 148-49 (C.M.A. 1991) (concluding that appellate review may not be waived before the accused knows the results of the convening authority's action on the case). R.C.M. 705(c) recognizes that the bargaining relationship between a servicemember and the convening authority at the pretrial stage is fundamentally different from the circumstances in which rights may be waived during trial and post-trial proceedings.

R.C.M. 705(c)(1)(B), which addresses rights provided under the UCMJ, does not preclude an agreement to waive rights that may be waived in collateral or unrelated proceedings. For example, as part of a pretrial agreement an accused may agree to waive an administrative discharge board hearing, as provided in applicable administrative regulations. See United States v. Gansemer, 38 M.J. 340, 342 (C.M.A. 1993).

C. APPELLANT'S PRETRIAL AGREEMENT

Appellant and the convening authority entered into a pretrial agreement. Appellant agreed to: (1) plead guilty to all charges; (2) request a trial by military judge alone and waive his right to trial by members; (3) forego the production, at government expense, of sentencing witnesses except for personal family members; (4) begin and complete trial within specified dates; (5) not object to the prosecution's sentencing evidence; and (6) waive both mandatory and discretionary consideration by the Navy Clemency and Parole Board for a period of twenty years, ending on July 9, 2019, and decline clemency or parole if offered during that period. In return, the convening authority agreed to: (1) dismiss one of the charges; (2) provide a non-binding recommendation that Appellant serve his confinement at the United States Disciplinary Barracks at Fort Leavenworth, Kansas; (3) suspend any period of confinement in excess of fifty years; and (4) defer and suspend adjudged and automatic forfeitures for specified periods, and waive automatic forfeitures for six months for the benefit of his sons.

Appellant complied with the terms of agreement at trial and received a sentence that included confinement for life without parole. The convening authority, pursuant the pretrial agreement, suspended the forfeitures and suspended the period of confinement in excess of fifty years.

## II.  DISCUSSION

### A.  THE TERMS OF THE PRETRIAL AGREEMENT CONCERNING CLEMENCY AND PAROLE

Whether a condition of a pretrial agreement violates R.C.M. 705(c)(1)(B) is a question of law that this Court reviews de novo.  See United States v. Best, 61 M.J. 376, 381 (C.A.A.F. 2005).  The granted issue concerns the restrictions in the pretrial agreement concerning consideration by the Navy Clemency and Parole Board.  Under the Board's rules, a person serving Appellant's sentence -- confinement for fifty years -- would be eligible for clemency consideration after five years, and for parole consideration after ten years.  SECNAVINST 5815.3J, paras. 403.d(3), 504.a(3).  Under the agreement, Appellant would not be eligible for either clemency or parole consideration for twenty years.

The Court of Criminal Appeals separately addressed:  (1) the terms of the pretrial agreement that require Appellant to not accept clemency or parole if offered during the twenty-year period; and (2) the terms of the pretrial agreement that preclude Appellant from requesting clemency during that period.  Tate, 2005 CCA LEXIS 356, at *7, 2005 WL 3111979, at *3.  With respect to the requirement to refuse clemency or parole, the court held that those terms "are unenforceable as a violation of public policy, because the convening authority would be usurping

8

the service secretary's authority and the President's authority to exercise their independent discretion in granting clemency." 2005 CCA LEXIS 356, at *7, 2005 WL 3111979, at *3 (citing United States v. Thomas, 60 M.J. 521, 529 (N-M. Ct. Crim. App. 2004)). With respect to the agreement to not request clemency or parole, the court concluded that the terms were "consistent with public policy and our own notions of fairness." 2005 CCA LEXIS 356, at *7, 2005 WL 3111979, at *3.

In the present appeal, the Government has not challenged the decision of the lower court, acting on its own motion, to strike the terms precluding the Board from considering clemency or parole. See 2005 CCA LEXIS 356, at *7-*8, 2005 WL 3111979, at *3. Appellant has challenged the decision of the lower court to sustain the terms precluding Appellant from requesting clemency or parole.

The lower court based its decision in the present case, as in Thomas, on considerations of public policy and fairness. In both cases, the court did not discuss R.C.M. 705(c)(1)(B), which states that a "term or condition in a pretrial agreement shall not be enforced if it deprives the accused of . . . the complete and effective exercise of post-trial and appellate rights." As noted in Part I.A., supra, Congress identified greater uniformity as one of the central goals in enacting the UCMJ; post-trial and appellate procedures formed a critical element of

the structure created by Congress to achieve uniformity; and Congress viewed the clemency process as the "ultimate control of sentence uniformity." S. Rep. No. 81-486, at 31. Consistent with the congressional purposes in enacting the post-trial and review provisions of the UCMJ, the President, in R.C.M. 705(c)(1)(B), has precluded use of pretrial agreement terms inconsistent with the complete and effective exercise of post-trial and appellate rights. The terms and conditions that would deprive Appellant of parole and clemency consideration under generally applicable procedures are unenforceable under R.C.M. 705(c)(1)(B).

Our decision in this case is confined to the relationship between pretrial agreements and the availability of clemency or parole. In view of the limited scope of our review of programs for early release from confinement, see United States v. Pena, 64 M.J. ___ (12) (C.A.A.F. 2007), we note that our decision today does not address the general administration of clemency or parole proceedings.

B.  REMEDY

By its terms, R.C.M. 705(c)(1)(B) provides that an impermissible term or condition "shall not be enforced." In some cases, we have concluded that the presence of an impermissible term requires us to void the entire agreement and authorize a rehearing. United States v. Holland, 1 M.J. 58, 60

(C.M.A. 1975). In other cases, we have concluded that an impermissible term may be treated as null without impairing the remainder of the agreement. See, e.g., United States v. McLaughlin, 50 M.J. 217, 218-19 (C.A.A.F. 1999). In the present case, Appellant seeks only a ruling that would strike the impermissible terms from the agreement. The Government, during oral argument, agreed that if we were to hold that the challenged provisions were impermissible, those provisions could be stricken and the remainder of the agreement and the plea could be sustained. In view of the agreement of the parties, and under the particular facts and circumstances of this case, we agree that the terms and conditions at issue may be stricken without impairing the balance of the agreement and the plea.

## IV. DECISION

Paragraphs 11(b) and 11(c) of the pretrial agreement between Appellant and the convening authority are void. The balance of the agreement may be enforced. The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed as to the findings and the sentence.