# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, COOK, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSE A. PABON, JR.**
**United States Army, Appellant**

ARMY 20120874

Headquarters, 1st Cavalry Division
James L. Varley, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Timothy Kotsis, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Captain Daniel M. Goldberg, JA (on brief).

21 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of desertion (two terminated by apprehension) in violation of Article 85, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 885 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and forfeiture of $900.00 pay per month for six months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for four months, and forfeiture of $900.00 pay per month for six months. The convening authority also credited appellant with 55 days against the sentence to confinement.

This case is before the court pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which we find is without merit. In conducting our Article 66(c), UCMJ, review, we identified one error not raised by appellant that merits discussion but no relief.

PABON—ARMY 20120874

Appellant pleaded guilty to three specifications of desertion: 13 April 2010 – 20 June 2010 (Specification 1); 16 September 2010 – 15 December 2011 (Specification 2); and 18 May 2012 – 23 July 2012 (Specification 3).

Appellant's plea agreement contained a clause requiring appellant to "waive all motions *other than* a motion to challenge the jurisdiction of the court-martial and violations of [his] right to speedy trial." (Emphasis added). During the inquiry into the providence of appellant's guilty plea, the military judge discussed the ramifications of this clause with appellant and his defense counsel. Although the clause did not require appellant to waive speedy trial motions, the colloquy between the military judge, defense counsel, and appellant demonstrates that all three believed the clause *did* require appellant to waive any speedy trial motion pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 707.[*]

R.C.M. 705(c)(1)(B) provides that "a term or condition in a pretrial agreement shall not be enforced if it deprives the accused of . . . the right to a speedy trial . . . ." Although appellant's pretrial agreement did not contain a term that deprived appellant of the right to a speedy trial, the military judge erred in interpreting the waiver clause and informing appellant that the pretrial agreement required appellant to waive a speedy trial motion pursuant to R.C.M. 707.

When a pretrial agreement contains an impermissible term waiving appellant's right to make speedy trial motions, to prevail on appeal appellant must "set forth sufficient information to show a colorable speedy trial claim." *United States v. McLaughlin*, 50 M.J. 217, 218 (C.A.A.F. 1999). We will apply the same standard to the facts of this case.

We conclude appellant was not prejudiced by the error because, as defense counsel advised the military judge, appellant had no viable R.C.M. 707 speedy trial claim. The parties entered into a stipulation of fact stating that an original charge sheet was preferred against appellant on 4 May 2012 and dismissed on 10 August 2012; appellant was apprehended on a deserter warrant on 23 July 2012; and the current charge sheet was preferred against appellant on 8 August 2012. Appellant was arraigned on 13 September 2012. The time between the 4 May 2012 preferral of the original charge sheet and dismissal on 10 August 2012 is 98 days and includes 66 days of excludable delay during appellant's third desertion. *See* R.C.M. 707(c) ("All periods of time during which . . . the accused is absent without authority . . . shall be excluded . . . ."). The time between appellant's 23 July 2012 apprehension

---

[*] During the colloquy between the military judge, defense counsel, and appellant, trial counsel sat by silently, making no attempt to clarify the clause or to correct the military judge's misunderstanding of it.

PABON—ARMY 20120874

and 13 September 2012 arraignment on the current preferred charge sheet was 52 days.  Both periods are well within 120 days as required by R.C.M. 707.

CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3