# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32357**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon A. WITHEE**
Airman First Class, U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 15 February 2017

————————————

*Military Judge:* Joseph S. Imburgia (sitting alone).

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, and reduction to E-1. Sentence adjudged 20 October 2015 by SpCM convened at Joint Base Lewis-McChord, Washington.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Captain Tyler B. Musselman, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SPERANZA, and JOHNSON, *Appellate Military Judges*.

Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty in accordance with his pleas of one specification of wrongfully using 3,4 methylenedioxymethamphetamine (MDMA) on divers occasions and

one specification of wrongfully using psilocybin on divers occasions, both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 45 days, and reduction to E-1. The convening authority approved the sentence as adjudged but deferred Appellant's reduction in grade until he took action on the court-martial and waived the automatic forfeiture of Appellant's pay pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b, for the benefit of Appellant's spouse.[1]

Before us, Appellant raises a single assignment of error: Whether a new post-trial process is required because his pretrial agreement with the convening authority required him to waive his right to submit clemency, in violation of Rule for Courts-Martial (R.C.M.) 705(c)(1)(B). We answer in the affirmative and order new post-trial processing.

## I. BACKGROUND

Within a year of arriving at his first duty station, on multiple occasions Appellant used MDMA and mushrooms containing psilocybin on and off base with other Airmen. Appellant entered a pretrial agreement whereby the convening authority agreed to withdraw and dismiss with prejudice one specification of conspiracy to use MDMA and two specifications of making false official statements in violation of Articles 81 and 107, UCMJ, 10 U.S.C. §§ 881, 907. In addition, the convening authority agreed to disapprove any sentence to confinement in excess of 45 days if a bad-conduct discharge was adjudged, or to disapprove any confinement in excess of 90 days if no bad-conduct discharge was adjudged. Finally, the convening authority agreed to disapprove any adjudged forfeiture of pay and to waive any automatic forfeiture of pay that would apply under Article 58b, UCMJ, for the benefit of Appellant's dependents. In return, Appellant agreed, *inter alia*, to plead guilty to using MDMA and psilocybin on divers occasions, to be tried by a military judge alone, and to "waive [his] clemency rights."

At trial, the military judge clarified that trial defense counsel and Appellant understood this waiver of "clemency" to refer specifically to Appellant's right to submit matters to the convening authority pursuant to R.C.M. 1105. The military judge found Appellant knowingly and voluntarily waived these "clemency rights," accepted the pretrial agreement, and accepted Appellant's guilty plea. Later in the trial, after sentencing argument by counsel but prior to announcement of the sentence, the military judge reviewed post-trial and appellate rights with Appellant. The military judge confirmed Appellant's understanding that pursuant to the pretrial agreement he had waived his right

---

[1] Appellant's pretrial agreement required the convening authority to waive the automatic forfeiture of pay, but not to defer the reduction in rank.

to submit matters in clemency to the convening authority. In addition, the written post-trial rights advisement signed by Appellant and trial defense counsel stated, under a section entitled "Clemency," Appellant had waived his right to submit matters to the convening authority pursuant to the pretrial agreement.

After announcing the sentence, but before reviewing the quantum portion of the pretrial agreement, the military judge recommended the convening authority "consider" deferring automatic forfeitures and the adjudged reduction in rank until action, and at action waiving the automatic forfeitures, for the benefit of Appellant's spouse.[2] After trial, but before being served with the staff judge advocate's recommendation (SJAR) to the convening authority, trial defense counsel submitted a request that the convening authority waive Appellant's automatic forfeiture of pay for the benefit of Appellant's spouse, in accordance with the pretrial agreement. In addition, although not required by the pretrial agreement, trial defense counsel requested Appellant's reduction in rank be deferred until action as "recommended" by the military judge. Trial defense counsel's request added that pursuant to the pretrial agreement "the Defense will not be submitting further matters in clemency."

In his written advice to the convening authority on the defense request, the staff judge advocate (SJA) acknowledged the pretrial agreement required the convening authority to waive automatic forfeitures, and that the military judge "recommended" both deferral and waiver of automatic forfeitures and deferral of Appellant's reduction in rank. The SJA recommended the convening authority approve both the requested deferral and waiver of forfeitures and deferral of the reduction. The convening authority did so.

The SJA later prepared his SJAR to guide the convening authority's action on the court-martial and served it on the Defense. In response, trial defense

---

[2] After announcing the sentence, the military judge stated:

> I make the following recommendations. One, that the convening authority consider, and the convening authority can do whatever the convening authority wants to do, but, that the convening authority consider deferring automatic forfeitures until action, and then waive them at action, for the benefit of [Appellant's] wife. And then, also, I recommend the convening authority consider, and again "consider"—I'm not saying the convening authority should, but at least consider deferring [Appellant's] reduction in grade until action, also for the benefit of [Appellant's] wife.

Thus the military judge's recommendations fell short of a definite recommendation for clemency, as opposed to a recommendation to *consider* clemency. However, this distinction was generally ignored when participants in the process subsequent referred to the military judge's recommendations.

3

counsel submitted a written waiver of "further clemency proceedings," again specifically referencing the pretrial agreement.

## II. DISCUSSION

Whether a term of a pretrial agreement violates R.C.M. 705(c)(1)(B) is a question of law we review de novo. *United States v. Tate*, 64 M.J. 269, 271 (C.A.A.F. 2007).

R.C.M. 705(c)(1)(B) provides in pertinent part: "A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of . . . the complete and effective exercise of post-trial and appellate rights." The rule's prohibition on the restriction of an accused's post-trial rights includes restrictions on his right to submit matters to the convening authority pursuant to Article 60(b)(1), UCMJ, 10 U.S.C. § 860(b)(1), and R.C.M. 1105. *See Tate*, 64 M.J. at 271.

Appellant asserts the term of his pretrial agreement requiring him to waive his "clemency rights" was prohibited by R.C.M. 705(c)(1)(B) and the holding in *Tate*. The Government concedes the term is unenforceable. We agree. As interpreted by the military judge, Appellant, and trial defense counsel, this provision deprived Appellant of the "complete and effective exercise" of his post-trial right to submit matters to the convening authority under R.C.M. 1105 and fell squarely within the prohibition of R.C.M. 705(c)(1)(B). *See id.*

The more difficult question is what, if any, remedy Appellant is entitled to in light of this error. The presence of an impermissible term in a pretrial agreement is not necessarily fatal to the result of the court-martial. *See id.* at 272. In some cases, such a term may be nullified while leaving the remainder of the agreement intact. *Id.* We find this case presents such a situation. The impermissible term was laid upon Appellant and inured to the benefit of the Government; clearly it was not an inducement for *Appellant* to enter the agreement. Nullifying it will not deprive Appellant of any benefit of the agreement he bargained for. Our conclusion is reinforced by the fact that before us Appellant neither requests nor contends he is entitled to a new trial.

What R.C.M. 705(c)(1)(B) *does* explicitly require is that the impermissible term "not be enforced." Appellant contends he is entitled to a new post-trial process in which he is free to exercise his R.C.M. 1105 rights, unencumbered by the pretrial agreement. However, the Government contends Appellant is entitled to no relief, and advances two arguments.

First, the Government essentially argues the impermissible term was not actually enforced against Appellant because he exceeded its terms. The Government points out trial defense counsel, in light of the military judge's recommendations at sentencing, requested not only waiver of automatic forfeitures,

which was required by the pretrial agreement, but also deferral of the reduction in rank until action, which was not required by the pretrial agreement. Because Appellant did seek clemency beyond the terms of the pretrial agreement, the Government argues, he was not in fact bound by the clemency waiver. Therefore, this court can simply strike the unenforceable term and give effect to Appellant's subsequent waiver of the opportunity to submit additional clemency matters beyond the deferral of the reduction in rank and the deferral and waiver of automatic forfeitures.

We are not persuaded. Appellant was repeatedly advised that by his pretrial agreement he waived his right to submit matters to the convening authority. He repeatedly expressed his understanding of this waiver to the military judge. There is no indication in the record Appellant was ever disabused of that belief. Trial defense counsel's opportunistic capitalization on the military judge's recommendation did not nullify the "no clemency" provision. Arguably, it contravened Appellant's commitments under the pretrial agreement, but the Government did not react to it as a violation. Regardless, Appellant's indications through counsel—both in his written request for waiver of forfeitures and in response to the SJAR—that he would forego his right to submit additional clemency matters specifically referenced the pretrial agreement. It is apparent trial defense counsel and Appellant believed Appellant had forfeited the "complete and effective" exercise of his post-trial rights, and they acted on that belief.

The Government's second argument is more compelling—that Appellant is entitled to no relief because he has made no colorable showing of possible prejudice. Essentially, the Government contends the impermissible pretrial agreement term should be analyzed in the same manner as a faulty SJAR or similar "error effect[ing] clemency processing." In such cases, the Court of Appeals for the Armed Forces (CAAF) has required an appellant to not only demonstrate error, but to make some "colorable showing of possible prejudice in terms of how the omission potentially affected an appellant's opportunity for clemency" in order to secure relief. *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005).

However, the essential distinction between a faulty SJAR or similar error impacting an appellant's clemency and an illegal pretrial agreement term is the specific mandate of R.C.M. 705(c)(1)(B) that such a term "shall not be enforced." The more apt precedent in support of the Government's position as to how that requirement applies to Appellant's case is our superior court's decision in *United States v. McLaughlin*, 50 M.J. 217 (C.A.A.F. 1999). In that case, the CAAF addressed an impermissible pretrial agreement term that required the appellant to waive a speedy trial issue. *Id.* at 218. As in the instant case, the impermissible term had arguably already been performed by the appellant.

Yet the CAAF denied relief because it found insufficient information in the record that a colorable speedy trial claim existed. *Id.* In effect, the CAAF concluded the impermissible speedy trial waiver had not been enforced in violation of R.C.M. 705(c)(1)(B) because there was insufficient evidence of a colorable speedy trial issue the defense would have or could have raised. *Id.* at 219; s*ee also United States v. Forrester*, 48 M.J. 1, 4 (C.A.A.F. 1998) (denying relief based on an overly broad "waiver of defenses" provision where there was no showing appellant was actually precluded from raising a defense).

Appellant's case is different. Trial defense counsel specifically cited the pretrial agreement as the reason why no additional clemency was submitted to the convening authority. Unlike a speedy trial claim or legal defense, which require a specific application of law to facts, convening authority clemency is a highly discretionary process, both in terms of what the convicted individual may submit and the reasons why a convening authority may grant it. *See* R.C.M. 1105(b), 1107(b)(1); *Scalo*, 60 M.J. at 437 (noting the convening authority's "broad discretion" in granting clemency). In this case, we are satisfied the appellant did not submit additional clemency because the pretrial agreement purportedly prevented him from doing so. Therefore, it was enforced contrary to R.C.M. 705(c)(1)(B). Any result short of new post-trial processing results in the unenforceable term having been enforced and fails to vindicate the rule.[3]

The Government cites the CAAF's opinion in *Tate* and unpublished decisions of our sister service court where impermissible restrictions on the appellants' post-trial rights were stricken as void without granting a new post-trial process or other relief. These cases are easily distinguished. In *Tate*, the CAAF addressed a pretrial agreement term that required the appellant "waive both mandatory and discretionary consideration by the Navy Clemency and Parole Board for a period of twenty years . . . and decline clemency or parole if offered during that period." 64 M.J. at 271. The CAAF found this provision unenforceable under R.C.M. 705(c)(1)(B) as infringing the complete and effective exercise of the appellant's post-trial and appellate rights. *Id.* at 272. The CAAF as-

---

[3] We note the pretrial agreement did not contain a "severability clause" whereby the parties specifically agree that if any portion of the agreement were found invalid or unenforceable, the remaining provisions would remain in force. However, the Government concedes the clemency restriction is unenforceable but argues the balance of the pretrial agreement and the pleas, findings, and sentence may be upheld; for his part, Appellant does not seek to undo the pretrial agreement itself but only requests new post-trial processing with the opportunity to submit matters to the convening authority. Therefore, the parties agree the offending provision is severable from the remainder of the agreement, and we need not inquire further as to whether either party seeks to withdraw from the agreement.

sessed whether the "impermissible term may be treated as null without impairing the remainder of the agreement." *Id.* Considering the positions of the parties and the facts and circumstances of the particular case, the CAAF declared the offending provisions void, upheld the balance of the agreement, and affirmed the findings and sentence. *Id.* at 272–73.

In *United States v. Evans*, No. 200600806, 2008 CCA LEXIS 299 (N-M. Ct. Crim. App. 12 Aug. 2008) (unpub. op.) and *United States v. Framness*, No. 200500152, 2007 CCA LEXIS 150 (N-M. Ct. Crim. App. 26 Apr. 2007) (unpub. op.), the Navy-Marine Corps Court of Criminal Appeals (NMCCA) addressed provisions similar to those in *Tate* requiring the appellants to forego the opportunity for clemency or parole for some period of years from the dates of their trials. In each case, the NMCCA declared the terms unenforceable in light of *Tate*, but, like the CAAF in *Tate*, found the impermissible terms could be stricken without upsetting the balance of the agreements or the pleas, or granting other relief. *Evans*, 2008 CCA LEXIS 299, at *9–10; *Framness*, 2007 CCA LEXIS 150, at *21. In each of these cases, the CAAF and the NMCCA dealt with purported restrictions on the appellants' *future* opportunities to secure relief from the Navy Clemency and Parole Board. *Tate*, 64 M.J. at 271; *Evans*, 2008 CCA LEXIS 299, at *9; *Framness*, 2007 CCA LEXIS 150, at *21. Thus the courts could avoid enforcement of the impermissible terms simply by decreeing them null and void, without impacting the balance of the agreements or requiring a new post-trial process. Appellant's case is fundamentally different in that the impermissible requirement has already been enforced.

The Government's various arguments as to why Appellant would be unlikely to secure additional relief from the convening authority in this case fail to address the essential defect: that an illegal term of Appellant's pretrial agreement was enforced against him. The Government had not only the opportunity but the responsibility to avoid inserting such a term in the agreement. Regardless of its origin, the enforcement of such a term cannot be permitted, and a new post-trial process is required to satisfy R.C.M. 705(c)(1)(B) under the circumstances of this case.

### III. CONCLUSION

Paragraph 2.g. of the pretrial agreement between Appellant and the convening authority is void. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate

review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court