*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, GROSS, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Joufher B. ESPEJO**
Aviation Boatswain's Mate (Fuels) First Class Petty Officer
(E-6), U.S. Navy
*Appellant*

**No. 202300135**

_____

Decided: 29 October 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Justin C. Henderson (Arraignment)
Michelle M. Petitt (Trial)

Sentence adjudged 6 February 2023 by a general court-martial tried at Region Legal Service Office Southwest, San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 50 years, reduction to E-1, and a dishonorable discharge.

For Appellant:
*Captain* Colin P. Norton, USMC

For Appellee:
Lieutenant Michael A. Tuosto, JAGC, USN

*31 October 2024:  Administrative Correction to correct pay grade of appellate defense counsel and military branch of Appellant in the Modified EOJ*

Judge GROSS delivered the opinion of the Court, in which Chief Judge HOLIFIELD and Judge HARRELL joined.

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

GROSS, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas, of one specification of attempted sexual assault, one specification of attempted sexual assault of a child, one specification of sexual assault, five specifications of sexual assault of a child, one specification of receipt of child pornography, one specification of production of child pornography, and five specifications of indecent language in violation of Articles 80, 120, 120b, and 134, Uniform Code of Military Justice (UCMJ).[1] Pursuant to a plea agreement, the military judge sentenced Appellant to 50 years of confinement, reduction to paygrade E-1, and a dishonorable discharge.[2]

Appellant raises one assignment of error: whether Appellant's sentence to 50 years of confinement was inappropriately severe.[3] The Court specified five issues. After receiving briefing on the five specified issues, those issues are subsumed in the following rephrased specified issues: (1) whether the military judge erred in accepting Appellant's guilty plea to attempting to sexually assault his daughter, which occurred outside of the statute of limitations; and (2) whether the novel provisions included in Appellant's plea agreement violated Rule for Courts-Martial (R.C.M.) 705. Given that these issues implicate Appellant's sentence, we will analyze the specified issues before addressing Appellant's assignment of error.

As to the first specified issue, we hold that the military judge abused her discretion in accepting Appellant's guilty plea to attempted sexual assault. As to the second specified issue, we hold that the novel provision included in Appellant's plea agreement violated R.C.M. 705. As to his assignment of error,

———————————————

[1] 10 U.S.C. §§ 880, 920, 920b, and 934.

[2] Appellant was credited with 541 days of confinement credit.

[3] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

we hold that Appellant's sentence—as reassessed—is not inappropriately severe. Finally, we note that the Entry of Judgment (EOJ) incorrectly states that Appellant was convicted at special court-martial. We take action in our decretal paragraph.

After careful consideration of the record of trial as a whole and the pleadings of the parties on Appellant's assignment of error and the specified issues, we answer the first specified issue in the affirmative. As the parties agree that the military judge erred in accepting Appellant's guilty plea to Specification 3 of Charge I without first discussing with him the statute of limitations issue, we further agree that no lesser included offense exists for the affected specification, and also agree on the appropriate remedy. Accordingly, we will dismiss that specification and reassess the sentence. We also answer the second specified issue in the affirmative and, upon agreement of the parties, strike the invalid provisions of Appellant's plea agreement.

Having corrected the EOJ, struck the invalid provisions of Appellant's plea agreement, dismissed Specification 3 of Charge I, and reassessed the sentence, we conclude the findings and sentence that remain are correct in law and fact and that no error materially prejudicial to the substantial rights of Appellant remains.[4]

## I. BACKGROUND

Appellant pleaded guilty to a continuous course of sexual misconduct involving children over a five-year period. His crimes included: sexually assaulting his biological daughter several times over the course of four years, when she was between the ages of 12 and 15; sexually assaulting his 17-18 year old niece; committing indecent acts with his daughter and niece; attempting to sexually assault his daughter once when she was 12 and once when she was 16; communicating indecent language with a child over the internet; receiving child pornography; producing child pornography; and communicating indecent language to his daughter.

After Appellant was apprehended and confessed to certain sexual offenses, he was charged at court-martial and by the State of California where he faced allegations apparently related to other victims. Appellant entered into a plea agreement with the convening authority setting forth a specified sentence for his pleas, which is the subject of both Appellant's assignment of error and our specified issues. In his agreement with the convening authority, Appellant

---

[4] Articles 59(a) and 66(c), UCMJ.

agreed to plead guilty to 15 of 20 specifications on the charge sheet. Appellant also agreed to waive all waivable motions.

The charges against Appellant covered conduct over more than six years, from April 2014 to January 2021. Among many other specifications of attempted and completed sexual assault and sexual assault of a child, Specification 3 of Charge I alleged that Appellant attempted to sexually assault his biological daughter on or about April 2015. The charges were received by the summary court-martial convening authority on 31 January 2022.

As part of his plea colloquy with the military judge, Appellant admitted that he took his daughter to a location where they could be alone, intending to sexually assault her, and removed her clothes and took his penis out of his pants. However, Appellant ejaculated before he could penetrate her vagina with his penis. The military judge never discussed with Appellant the fact that Article 43, UCMJ, limits prosecutions for attempts under Article 80, UCMJ, to five years from the date of the offense.

The military judge then accepted Appellant's pleas and sentenced him in accordance with the plea agreement. The following table sets forth the charges and specifications along with the corresponding sentences required by that agreement:

| Charge and Specification | Confinement |
| --- | --- |
| Charge I Article 80 | |
| Specification 2 attempted sexual assault | 6 years |
| Specification 3 attempted sexual assault of a child | 7 years |
| Charge II Article 120 | |
| Specification 1 sexual assault | 6 years |
| Charge III Article 120b | |
| Specification 1 sexual assault of a child | 10 years |
| Specification 2 sexual assault of a child | 7 years |
| Specification 3 sexual abuse of a child involving indecent conduct | 4 years |
| Specification 4 sexual abuse of a child involving indecent communications | 3 years |
| Specification 5 sexual abuse of a child involving indecent communications | 2 years |

Charge IV Article 134

| | |
|---|---|
| Specification 1 receipt of child pornography | 3 years |
| Specification 2 production of child pornography | 2 years |
| Specification 4 indecent language | 6 months |
| Specification 5 indecent language | 6 months |
| Specification 6 indecent language | 6 months |
| Specification 7 indecent language | 6 months |
| Specification 8 indecent language | 6 months |

The plea agreement gave the military judge no discretion on how much confinement to impose, the minimum and maximum confinement for each offense being the same. All confinement was to run consecutively except for specifications 4-8 of Charge IV, which would run concurrently with each other and all other confinement. The final result of the plea agreement was that Appellant would serve a total of 50 years confinement.

In addition to the above provisions, the parties negotiated a novel provision in paragraph 10 of the plea agreement under the heading Notification provisions:

> h. My military attorneys and my attorney representing me in my State of California case have advised me that I am required at a minimum to remain in federal confinement until the date on which my concurrent State of California sentence would be satisfied after including credit for earned time in that penal system. This date is reflected in paragraph h.(2).
>
> (1) To facilitate that, I agree to defer using any earned time (ET) and special acts abatement (SAA) that I may earn while in confinement on my court-martial sentence until the date referenced in paragraph h.[5]

At trial, the military judge rightly noted the novel nature of these provisions and sought input from the parties. Trial counsel noted that R.C.M. 705(c)(1)(B) prohibits provisions of a plea agreement that interfere with the exercise of post-trial rights, and said, "the intent here is...it's not waiving anything. It's a deferral, not a waiver."[6]

---

[5] Appellate Ex. XXV at 11.

[6] R. at 216.

The parties continued to discuss the provisions with the military judge, noting that if credit to confinement is deferred past what would be the accused's minimum release date, such deferral would effectively operate as a waiver. The parties then agreed that if the provisions in question were found to be unenforceable on appeal, they would remain bound by the remainder of the plea agreement.

## II. DISCUSSION

### A. The military judge erred in accepting Appellant's plea to one specification of attempted sexual assault of a child without obtaining a waiver of the statute of limitations.

Article 43, UCMJ, provides that "[e]xcept as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command." While Article 43 provides for an extended statute of limitations for offenses involving, among others, sexual assault of a child and child abuse offenses, attempts of these offenses are not included in the exceptions to the general five-year limitation.[7]

We recently discussed the requirement for military judges to obtain a knowing and voluntary waiver of the statute of limitations defense, finding it to be "etched in military case law and procedure."[8] And here, the parties agree that the military judge abused her discretion in accepting Appellant's plea to Specification 3 of Charge I without discussing the defense with him.[9] The parties also agree that there is no lesser included offense that we can affirm under Article 59(b), and that the appropriate remedy is dismissal of the affected specification and reassessment of the sentence. We agree.

In determining whether we can reassess the sentence, we are guided by our superior court's decision in *United States v. Winckelmann*.[10] Because the plea

---

[7] 10 U.S.C. § 843(b).

[8] *United States v. Miller*, No. 202200230, 2023 CCA LEXIS 445, *13-14 (N-M Ct. Crim. App. Oct. 23, 2023) (unpublished).

[9] R.C.M. 907(b)(2)(B).

[10] 73 M.J. 11, 15-16 (C.A.A.F. 2013) (listing illustrative but non-dispositive factors in determining whether a court of criminal appeals can reassess the sentence including: "(1) [d]ramatic changes in the penalty landscape and exposure...(2) [w]hether an

agreement included segmented sentencing with most sentences running consecutively, we can reliably determine that had Appellant not been erroneously convicted of Specification 3 of Charge I, his segmented sentence would have included confinement for no less than 43 years given that the military judge was required to sentence him to 7 years confinement for that offense. In their briefs, the parties agree with this specific remedy.

Likewise, we can reliably determine that Appellant's unitary sentence, including reduction to paygrade E-1 and a dishonorable discharge would have been unchanged. We find this based on the fact that several of Appellant's offenses included a mandatory minimum sentence of a dishonorable discharge and involved serious offenses involving sexual abuse of children.

## B. Appellant's sentence is not inappropriately severe.

We review sentence appropriateness de novo.[11] In conducting our review, we "may affirm only the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."[12] Article 66 provides courts of criminal appeals a great deal of discretion in determining whether a particular sentence is appropriate; however, in conducting our review, we are not authorized to engage in exercises of clemency.[13] Generally, sentence appropriateness should be judged by "individualized consideration" of the particular accused "on the basis of the nature and seriousness of the offense and the character of the offender."[14] A court of criminal appeals is required in conducting its sentence appropriateness review to consider each part of the sentence, as well as the sentence as a

appellant chose sentencing by members or a military judge alone...(3) [w]hether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses; [and] (4) [w]hether the remaining offenses are of the type that judges of the courts of criminal appeals have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.").

[11] *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005).

[12] Article 66(d)(1), UCMJ.

[13] *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

[14] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

whole.[15] "Other than to ensure that the appellant's approved sentence is one that 'should be approved,' we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement or a [convening authority's] lawful exercise of his authority to grant clemency to an appellant."[16]

Appellant asserts that his sentence is inappropriate in light of his military record of over 19 years of service at the time of his court-martial, and the fact that he confessed, apologized to his victims, and showed remorse for his actions.

We have considered Appellant's military record and the matters he raised during his unsworn statement, which includes his response to an aircraft mishap while stationed onboard USS *Green Bay* (LPD 20). While Appellant's service record demonstrates otherwise honorable and faithful service over the course of his career, we find nothing within it that would cause us to doubt the appropriateness of a severe punishment for his repeated and calculated manipulation of children for his own sexual gratification.

We also recognize that Appellant's pleas of guilty likely spared his young victims the trauma of testifying and relieved the Government of the heavy burden of proving Appellant's guilt beyond a reasonable doubt. However, a review of the evidence presented by the Government in sentencing demonstrates that the Government could and did corroborate the victims' allegations. Given that Appellant faced a maximum confinement of over 200 years for the offenses to which he pleaded guilty, we find that Appellant's negotiated sentence of confinement for 43 years (after reassessment) is well within the range of reasonable punishments for his serious misconduct. We also find that Appellant's decision to enter into a plea agreement that capped his total confinement at less than 25% of the maximum that he faced was rational and to his benefit.

In conducting our sentence appropriateness evaluation, we have considered the appropriateness of each segment of Appellant's sentence, as well as the

---

[15] *United States v. Flores*, 84 M.J. 277, 281-82 (C.A.A.F. 2024).

[16] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172, *7 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished) (quoting Article 66(c), UCMJ) (citing *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010)); *see also United States v. Casuso*, No. 202000114, 2021 CCA LEXIS 328, *8 (N-M. Ct. Crim. App. Jun. 30, 2021) (unpublished) (questioning an appellant's "claim of inappropriate severity when the sentence he received was within the range of punishment he was expressly willing to accept in exchange for his pleas of guilty").

appropriateness of the sentence as a whole. In doing so, we are firmly convinced that Appellant's sentence is appropriate for his crimes. Each individual sentence of confinement is more than supported by Appellant's pleas, his stipulation of fact, and the evidence in aggravation offered by the Government. Taken as a whole, with most of the sentences running consecutively, we do not find the sentence to be inappropriately severe.

## C. The novel language in Appellant's plea agreement violates R.C.M. 705, and it must be struck.

"Interpretation of a [plea] agreement is a question of law, which we review de novo."[17] "Consistent with the congressional purposes in enacting the posttrial and review provisions of the UCMJ, the President, in R.C.M. 705(c)(1)(B), has precluded use of pretrial agreement terms inconsistent with the complete and effective exercise of post-trial and appellate rights."[18]

In their briefs on the specified issue, the parties agree that the provisions contained in paragraphs 10(h) and 10(h)(1) are unenforceable. We also agree. While trial counsel proffered to the trial court that these provisions did not require Appellant to waive any post-trial rights, but merely defer exercise of those rights, we see no functional difference in this case, where deferral of a confinement credit when it is due operates as a de facto, if not de jure, waiver of the credit to which Appellant is due.

The parties also agree, as they did at trial, that the provisions at issue can be struck and that they will remain bound to the rest of the agreement. Because we find that such an action meets the intent of the parties, both at the time of trial and on appeal, we will strike the provisions from the plea agreement in our decretal paragraph.

## D. The Entry of Judgment erroneously lists the type of court-martial and Appellant is entitled to accurate records of his court-martial.

Appellant correctly notes in his brief that the Entry of Judgment (EOJ) incorrectly identifies Appellant's court-martial as a special court-martial. While Appellant makes no claim for relief based on this scrivener's error, and we can find no evidence of prejudice, we note that such an error creates confusion and could signal to the misinformed observer that Appellant's crimes were

---

[17] *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citation omitted).

[18] *United States v. Tate*, 64 M.J. 269, 272 (C.A.A.F. 2007).

erroneously tried by a court-martial without jurisdiction to hear several of the charges, or to adjudge the length of confinement or dishonorable discharge Appellant received. As an accused is entitled to have records that accurately reflect the contents of his court-martial, we will take action in our decretal paragraph. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceedings.[19]

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, Specification 3 of Charge I is **DISMISSED.** Having reassessed the sentence, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights remains.[20] However, as noted above, paragraphs 10(h) and 10(h)(1) are struck from the plea agreement. Finally, the EOJ erroneously states that Appellant was convicted by special court-martial. In accordance with Rule for Courts-Martial 1111(c)(2), we modify the EOJ and direct that it be included in the record.

The remaining findings and the sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[19] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

[20] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| UNITED STATES | NMCCA NO. 202300135 |
|---|---|
| **v.** | **ENTRY OF JUDGMENT** |
| **Joufher B. ESPEJO**<br>**Aviation Boatswain's Mate (Fuels)**<br>**First Class Petty Officer (E-6)**<br>U.S. Navy | |
| | *As Modified on Appeal* |
| *Accused* | **29 October 2024** |

On 6 February 2023, the Accused was tried at Region Legal Service Office Southwest, San Diego, California, by a general court-martial, consisting of a military judge sitting alone. Military Judge Michelle M. Pettit, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

  *Plea:* Guilty.
  *Finding:* Guilty.

**Specification 1:** **Attempted incest in violation of Article 134, UCMJ on or about April to May 2019.**

  *Plea:* Not Guilty.
  *Finding:* Withdrawn and dismissed.

**Specification 2:** **Attempted sexual assault on or about April to May 2019.**

  *Plea:* Guilty.
  *Finding:* Guilty.

**Specification 3:** **Attempted sexual assault of a child on or about April 2015.**

*Plea:* Guilty.
*Finding:* Dismissed on appeal.

**Charge II:** **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Sexual assault without consent on or about 2017 to on or about June 2018.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:** **Sexual assault without consent on or about December 2017 to on or about June 2018.**

*Plea:* Not Guilty.
*Finding:* Withdrawn and dismissed.

**Charge III:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Sexual assault of a child between the ages of 12 and 16 on divers occasions from on or about 1 December 2014 to 31 January 2015.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:** **Sexual assault of a child between the ages of 12 and 16 on or about December 2017 to on or about June 2018.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 3:** **Sexual abuse of a child involving indecent conduct (engaging in sexual acts in the presence of a child) on or about December 2017 to on or about June 2018.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 4:** **Sexual abuse of a child involving indecent communications on or about 28 July 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 5:** **Sexual abuse of a child involving indecent communications on or about 5-6 August 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 6:** **Sexual abuse of a child involving indecent communications on or about 10 August 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification 7:** **Sexual abuse of a child involving indecent communications on or about 7 September 2019.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Charge IV:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 1:** **Receipt of child pornography on divers occasions on or about June to August 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2:** **Production of child pornography between on divers occasions on or about June to August 2019.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 3:** **Possession of child pornography on or about 1-31 January 2021.**

*Plea:* Not guilty.

*Finding:* Withdrawn and dismissed.

**Specification 4:**   **Indecent language on or about 11 November 2018.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 5:**   **Indecent language on or about 12 December 2019.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 6:**   **Indecent language on or about 17 December 2019.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 7:**   **Indecent language on or about 17 December 2019.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 8:**   **Indecent language on or about 22 March 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

## SENTENCE

On 22 December 2022, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

*For Specification 2 of Charge I:*
confinement for 6 years.

*For Specification 1 of Charge II:*
confinement for 6 years.

*For Specification 1 of Charge III:*
confinement for 10 years.

*For Specification 2 of Charge III:*
confinement for 7 years.

*For Specification 3 of Charge III:*
confinement for 4 years.

*For Specification 4 of Charge III:*
confinement for 3 years.

*For Specification 5 of Charge III:*
confinement for 2 years.

*For Specification 1 of Charge IV:*
confinement for 3 years.

*For Specification 2 of Charge IV:*
confinement for 2 years.

*For Specification 4 of Charge IV:*
confinement for 6 months.

*For Specification 5 of Charge IV:*
confinement for 6 months.

*For Specification 6 of Charge IV:*
confinement for 6 months.

*For Specification 7 of Charge IV:*
confinement for 6 months.

*For Specification 8 of Charge IV:*
confinement for 6 months.

The terms of confinement for Specifications 4-8 of Charge IV will be served concurrently with each other. Specification 2 of Charge I, Specification 1 of Charge II, Specifications 1-5 of Charge III, and specifications 1 and 2 of Charge IV will be served consecutively with each other but will be served concurrently with Specifications 4-8 of Charge IV.

**Confinement for a total of 43 years.**

**A dishonorable discharge.**

The Accused shall be credited with 541 days of pretrial confinement.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court